# EXHIBIT 1

**Harvard University Non-Discrimination Policy**

**I.      Statement of Policy**

Harvard University is committed to the principles of equal opportunity in education and employment. Discrimination on the basis of the following protected categories, or any other legally protected basis, is unlawful and is prohibited by this Policy.

- age (40+)
- race
- color
- national origin
- sex (including gender identity and gender expression, as well as pregnancy)
- genetic information
- ancestry
- religion
- caste
- creed
- veteran status
- disability
- military service
- sexual orientation
- political beliefs

This Policy and the associated procedures only apply to the categories of discrimination described here. Claims of discrimination on the basis of sex that fall under Harvard's Title IX Sexual Harassment Policy, Other Sexual Misconduct Policy, and Sexual and Gender-Based Harassment Policy should be pursued under those policies and their accompanying procedures. Claims of discrimination on the basis of disability or failure to accommodate a disability are addressed through the University Disability Resources Grievance Policy.

The procedures outlined in this Policy are for internal complaints raised by individual community members. The Policy is not intended to, nor does it, create any contractual, legal, or other right for any individual and does not impose any contractual or legal obligation on the University. Nothing in this Policy limits the University's or School's ability to address behavior that it determines is inconsistent with their expectations, policies, standards, or values.

An individual can be found to have violated this Policy in addition to other relevant University or School policies, but a complainant may not pursue a complaint under this Policy based on behavior or conduct that has already been investigated and resolved under other University or School policies or procedures. University policy prohibits retaliation for asserting one's rights to a work or educational setting free of discrimination on the bases specified by this policy. Moreover, retaliation against an individual for cooperating in an investigation of such a complaint, or for opposing prohibited practices, is prohibited.

Denying or defending oneself against an allegation through these procedures will ordinarily not be considered a retaliatory act unless the action is found to have been taken in bad faith. Submitting a complaint in bad faith or providing materially false or misleading information in an investigation is also prohibited.

## II.     Definitions

### A.  Definition of Discrimination

Discrimination is adverse treatment of an individual based on one or more of the protected characteristics listed in this Policy. In a university setting, complaints of discrimination may arise in the employment context and the education context, in the following potential forms:

**<u>Discriminatory disparate treatment</u>** is singling out or targeting an individual for less favorable treatment because of their protected characteristic. In the employment context, the less favorable treatment must negatively affect the terms and conditions of employment. In the education context, to rise to the level of discrimination, the treatment must unreasonably interfere with or limit the student's ability to participate in or benefit from the institution's programs and activities. Examples include but are not limited to:

- Failing or refusing to hire or admit an individual because of their protected characteristic;
- Imposing more severe discipline on a student or employee because of their protected characteristic;
- Giving a negative performance evaluation or grade/academic assessment because of an individual's protected characteristic;
- Terminating, suspending, dismissing, or expelling an individual based on their protected characteristic.

**<u>Discriminatory harassment</u>** is unwelcome and offensive conduct that is based on an individual or group's protected status. Discriminatory harassment may be considered to violate this policy when it is so severe or pervasive, and objectively offensive, that it creates a work, educational, or living environment that a reasonable person would consider intimidating, hostile, or abusive and denies the individual an equal opportunity to participate in the benefits of the workplace or the institution's programs and activities. These factors will be considered in assessing whether discriminatory harassment violates this policy:

- Frequency of the conduct
- Severity and pervasiveness of the conduct
- Whether it is physically threatening
- Degree to which the conduct interfered with an employee's work performance or a student's academic performance or ability to participate in or benefit from academic/campus programs and activities
- The relationship between the alleged harasser and the subject or

subjects of the harassment

### B. Other Definitions

**Appropriate Official**: Each School and Central Administration will define and publish with this Policy their Appropriate Officials, who will be the final authority to issue any sanctions, based upon the respondent's role at the University.

**Central Office**: An office designated to serve the entire University that will work with Local Designated Resources when formal and informal complaints are received.  It will staff or provide referrals to neutral, trained investigators who will manage investigations of formal complaints; provide resources and information to community members who have questions about policy, process, or supportive measures; and keep records of reports, complaints, findings and, if any, sanctions consistent with University policies related to recordkeeping.

**Local Designated Resource**: Each School and Central Administration will designate individual(s) to serve as the resource for receiving reports and complaints, directing community members to resources, and providing information on supportive measures. The Local Designated Resource will coordinate with the Central Office regarding complaints, training, and educational initiatives relevant to the Policy.

**Complainant**: Complainant refers to the person(s) who is/are directly impacted or targeted by the alleged violation.

### III.    Jurisdiction

This Policy and its accompanying procedures apply to alleged acts of discrimination that are committed by any member of the Harvard community, including faculty, researchers, postdoctoral fellows, staff, and students, but does not apply to alleged misconduct that may fall within the scope of other University policies. Sexual and gender-based harassment are covered by the University's Title IX Sexual Harassment Policy, Other Sexual Misconduct Policy, and Sexual and Gender-Based Harassment Policy. Claims of discrimination on the basis of disability or failure to accommodate a disability are addressed through the University Disability Resources Grievance Policy. Bullying and abuse of power will be covered by the University's Anti-Bullying Policy. This Policy and its accompanying procedures apply when the alleged conduct occurs:

1.  On Harvard property, including Harvard e-mail or computer systems, or

2.  Off Harvard property, including conduct using social media or other non-Harvard online platforms, if

   a.    The conduct directly involved a University program, a University-recognized program or activity, or another work-related activity such as attending a conference, conducting research in the field, providing expertise to policymakers, presenting a talk at another institution or venue, etc., and

   b.    The conduct may have the effect of creating a hostile or abusive work or learning environment for a member of the University community.

## IV.   Governing Principles

In the interest of providing a fair process, preserving privacy, and preventing retaliation, the following principles will be observed:

- *Impartiality*. All persons charged with responsibility for implementing these procedures will discharge their obligations with fairness, rigor, and impartiality.

- *Fair Process*. Principles of fair process should be observed throughout the process. This includes timely resolution of the process, proper notice to parties, and the ability to respond to allegations.

- *Privacy*. All activities under these procedures will be conducted with regard for the legitimate privacy and reputational interests of all parties involved. Once a formal complaint is filed, all parties, including witnesses, will be notified of the expectation that they keep information about the case – including any documents that they may receive or review – confidential. They will also be notified that sharing such information might compromise the investigation or may be construed as retaliatory. Medical and counseling records are privileged and confidential documents that parties will not be required to disclose. The parties remain free to share their own experiences, other than information that they have learned solely through the procedures and processes under this Policy. To avoid the possibility of compromising the investigation, it is generally advisable to limit the number of people in whom the parties confide.

- *Respondents Are Presumed Not Responsible*. A respondent is presumed not to be responsible for an alleged Policy violation until a final determination regarding responsibility is made.

- *University Values*. The procedures for this Policy are to be construed in accordance with broader University policies, including the University-Wide Statement on Rights and Responsibilities.

- *Clarity and Visibility*. All members of the University community are expected to be aware of the University's Non-Discrimination Policy, understand what conduct is prohibited under the Policy, and understand what their rights and responsibilities are under the Policy and Procedures.

- *Transparency*. Throughout the course of an investigation into a formal complaint, the Investigator will provide frequent updates to both the complainant (the person bringing the complaint) and the respondent (the person about whom the complaint has been made).

- *Timeliness*. The Central Office, in consultation with the Local Designated Resource and investigator as needed, may impose reasonable timeframes to enable timely resolution of the matter. The investigatory process typically will not exceed 90 ordinary business days, absent extenuating circumstances. The timeframes identified below will not include any days that the University is closed for business (e.g., winter recess). If the timeframes must be extended for other extenuating circumstances, both parties will be notified in writing of the expected extension and

the reason for the extension.

- *Avoiding Conflict of Interest*. The University commits to eliminating any conflicts of interest in the process. In situations where either the complainant or the respondent names as a party or witness the University official(s) who are designated as facilitating or overseeing any stage in the Informal Resolution or Formal Complaint Processes, the Local Designated Resource, in consultation with appropriate School officials, will determine a designee to assume those responsibilities in place of the named University official(s).
- *Available Support and Remedies*. All members of the University community may seek supportive measures should they experience or witness conduct prohibited under this Policy. A party may seek supportive measures and resolution through informal processes under this Policy or other University procedures, and they remain free to pursue a formal complaint under this Policy without prejudice.

## V.    Supportive Measures

The Local Designated Resource, in consultation with other School or University officials as needed, may implement supportive measures to protect Harvard community members and preserve access to the University's educational and work programs or activities during any informal resolution process or during a formal investigation.

## VI.    Procedures

### A.  Legal Context and Personal Advisors

These are academic and employment-related, not legal, procedures handled within the context of the University. Parties who wish may file formal complaints through processes external to the University, including government agencies, courts, and other formal legal channels.

- Any information that the investigative team deems relevant and trustworthy may be considered even if they would not be admissible under legal rules of evidence.
- Parties may bring a personal advisor of their choice to any meeting or other proceeding that is part of the procedures under this Policy. Personal advisors may not speak for their advisees during interviews or meetings that are part of the investigation. When a party is a member of a collective bargaining unit, the personal advisor may be a union representative.

Respondents may wish to obtain legal advice about how this process could affect any legal case in which they are or may become involved. When the allegations, if true, might constitute criminal conduct, the respondent is advised to seek legal counsel before making any written or oral statements.

### B.  Informal Resolution

Members of the community with a concern about a possible violation of this Policy should

contact the Local Designated Resource for an initial consultation to discuss options, including informal resolution. If the individual objects to consulting with an individual Local Designated Resource on grounds of alleged conflict of interest or bias, they may bring the matter in the first instance to the Central Office, which will review the claims and, where appropriate, determine an alternative individual from the local School[1] to serve as the Local Designated Resource for initial consultation.

Bringing a concern to the attention of the Local Designated Resource or Central Office does not automatically launch an inquiry or investigation. Supportive measures or other techniques for conflict resolution may be provided regardless of whether a mediated resolution or formal investigation is launched. Interested parties are advised to seek support, information, or advice from the Local Designated Resource or the Central Office. They can expect to learn about resources available at the University and elsewhere that provide counseling and support. They can also request information about the steps involved in pursuing informal resolution or filing a formal complaint as well as supportive measures, as appropriate.

Reports or complaints can be made anonymously and recorded.  However, under such circumstances the ability of the University to fully address the complaint or report may be limited. A website listing available support resources offered to University community members is forthcoming.

### C.  Formal Complaint Procedures

1.      *Filing of a Formal Complaint*. If efforts at informal resolution are unsuccessful or not feasible, the complainant may file a complaint. Complainants filing a formal complaint cannot remain anonymous or prevent their identity from being disclosed to the respondent. A complainant may file a formal complaint with the Local Designated Resource or with the Central Office. The complaint must be in writing and should be written in the complainant's own words. The complaint should identify the parties involved; describe the allegedly discriminatory behavior, including when and where it occurred; and identify by name or description any witnesses or evidence (e.g. correspondence, records, etc.). Within 5 ordinary business days of receiving a complaint, the relevant Local Designated Resource and the Central Office will share the complaint with each other and engage in a preliminary consultation about the claim asserted. If a complaint involves a complainant and respondent from different Schools within the University, the School of the respondent will be the Local Designated Resource. If multiple complaints are filed at or near the same time against the same respondent, the Local Designated Resource, after consultation with the Central Office, may pool the complaints into a single investigation but is not required to do so.

If the complainant objects to the involvement of an individual Local Designated Resource based on alleged conflict of interest or bias, they must make the objection at the time that they file their complaint with the Central Office. Such objection must be in writing and must fully state the reasons for the objection. The Central Office will review the objection and, where

---

[1] Throughout this policy, the term "local School" refers to the School of the Local Designated Resource or, where the Local Designated Resource is in Central Administration, Central Administration.

appropriate, determine an alternative individual from the local School to serve as the Local Designated Resource. The Central Office will notify the complainant and the original Local Designated Resource of its decision.

2.    *Initial Review*. The Local Designated Resource conducts an initial review to determine if, on the face of the complaint, it alleges a violation of applicable policy and warrants an investigation. The initial review will be concluded within 14 ordinary business days after the date the formal complaint was received. The decision (either to dismiss or accept the complaint) will be communicated in writing to the complainant with a copy to the Central Office.

> a.    Initial review -- Dismissal of Complaint. The complaint may be dismissed without further process or review if the complaint on its face is frivolous, insubstantial, outside  the scope of applicable policy or their accompanying procedures, or otherwise unable to state a claim for relief under applicable policy. A complaint may also be dismissed without further investigation if the issues it raises have been considered by the University in another forum or through another mechanism or if an investigation would not be feasible due to the passage of time since the alleged conduct occurred.

> b.    Initial review -- Acceptance of Complaint. When it is determined that the complaint should not be dismissed, an investigation will be opened as described below if under this Policy, or, if under a different applicable policy, will proceed in accordance with the applicable policy.

3.    *Assignment of an Investigator*. The Local Designated Resource, in consultation with the Central Office, will assign a trained investigator, whether an internal resource or external resource, to investigate the allegations.

4.    *Written Notice to the Parties*. Within 7 ordinary business days of the determination at initial review that the complaint should be investigated, the Central Office will send written notice to the complainant and respondent that will include a copy of the original complaint, the identities of the parties, the name of the investigator,  and a summary of the process that will be followed.

5.    *Objection to the Choice of Investigator*. Either the complainant or the respondent may object to the choice of investigator for good cause, such as evidence of conflict of interest or bias. Such objection must be in writing, must fully state the reasons for the objection, and must be received by the Local Designated Resource within 7 ordinary business days after the notice to the complainant and respondent is sent. The Local Designated Resource will determine whether to remove and replace the investigator and will notify the parties and the Central Office of its decision. At this time, the Respondent only may object to the involvement of an individual Local Designated Resource on the grounds of conflict of interest or bias. Such objection must be in writing, must fully state the reasons for the objection, and must be received by the Central Office within 7 ordinary business days after the notice to the complainant and respondent is sent. The Central Office will review the objection and, where appropriate, determine an alternative individual from the local School to serve as the Local Designated Resource. The Central Office will notify the parties and the original Local Designated Resource of its decision.

6.      *Written Statement from Respondent*. The respondent will have 7 ordinary business days from written notification of the complaint to submit a written statement to the investigator in response to the allegations but is not required to do so. Attached to the statement should be a list of all sources of information (e.g., witnesses, correspondence, records) that the respondent believes may be relevant to the investigation.

7.      *Investigation*. The investigator will gather information from the complainant and the respondent, and others, if appropriate. If, in the course of the investigation, the investigator decides to pursue allegations that have come to light but were not included in the written notice to the parties, the investigator will provide notice of the additional allegations to the respondent. Both parties will have a reasonable and equal opportunity to submit the names of witnesses and any relevant information for review; and to review the information upon which the investigator may rely in making their findings and recommendations. Both parties will have 7 ordinary business days to submit additional information in response.

8.      *Investigative Report*. At the conclusion of the investigation, the investigator will make preliminary findings of fact, applying a preponderance of the evidence standard, and make a recommended finding as to whether there was a violation of this Policy. The investigator will provide the complainant and respondent with a written draft of the preliminary findings of fact and analysis and will give both parties 7 ordinary business days to submit written responses to the draft. The investigator will consider whether revisions to the preliminary report are required based on any written responses and will send the final report to the Central Office, the Local Designated Resource; the complainant; and the respondent. The investigator generally will issue the preliminary report within 90 ordinary business days of the complaint.

9.      *Determination*. Within 7 ordinary business days of receipt of the final investigative report, the Local Designated Resource will appoint a panel of, at minimum, three neutral members (the "Determination Panel") from the Central Office's designated list of trained Determination Panel Members to review the investigative report and determine, using a preponderance of the evidence standard, whether the Policy was violated. The Determination Panel may include any combination of staff or faculty, but it must include at least one member who is not employed by the local School. Local Schools will determine when and how a Determination Panel may seek additional information, either by questions to the investigator or questions to the parties.

The Determination Panel will issue a written determination within 21 ordinary business days of the Panel's receipt of the final investigative report, absent extenuating circumstances requiring an extension. The written determination will be provided to both parties, the Local Designated Resource, the Central Office, and the Appropriate Official. If a Policy violation is found, the decision will include recommended corrective measures (e.g., training, coaching, or other measures, as appropriate) to be taken by the unit(s) to eliminate the conduct, prevent its recurrence, and address its effects. The imposition of any sanctions or remedial measures is addressed separately from the written decision in accordance with local policy.

10.     *Appeal*. If they wish to do so, within 7 ordinary business days of the issuance of the written determination, the complainant and respondent may submit a signed, written appeal of

no more than 2,500 words to the Local Designated Resource or Central Office on one or more of the following grounds:

    a.    A procedural error occurred that affected the outcome of the decision;

    b.    The appellant has new evidence that was not reasonably available at the time the determination was made and that may change the outcome of the decision;

    c.    A Determination Panel member(s) involved in the determination of the claim had a conflict of interest or bias for or against the individual complainant or respondent such that a reasonable person would conclude it influenced the outcome of the matter; or

    d.    On the record as a whole, no reasonable Determination Panel could have reached the same determination.

Disagreement with the findings or determination is not, in and of itself, a ground for appeal.

The Central Office and Local Designated Resource will share the appeal with each other, and the Central Office will send copies of the request for appeal to the Appropriate Official or their designee(s) and the other party. The Central Office, in consultation with the Local Designated Resource, will review the request for appeal for timeliness and compliance with the procedures set forth in this Policy. Within 7 ordinary business days of receipt of the written appeal, the Central Office will inform the parties and the Appropriate Official or their designee(s) whether the appeal is timely and compliant with this Policy.

If the appeal is deemed timely and in compliance with the procedures set forth in this Policy, the non-appealing party may submit a response to the appeal within 7 ordinary business days of receiving the appeal, and the response must be no more than 2,500 words. The response will be shared with the appealing party. The appealing party may submit a reply of no more than 1,000 words within 5 ordinary business days. The non-appealing party will have access to the other party's reply, but no further responses will be permitted. All appeals will be based solely on the written record.

The Central Office will work with the Local Designated Resource to appoint an Appeals Panel of, at minimum, three neutral members from the Central Office's designated list of trained Appeals Panel Members. The Appeals Panel may include any combination of staff or faculty, but it must include at least one member who is not employed by the local School of the Local Designated Resource, and it may not include any individual who has served a role in the alleged conduct, the investigation, or the determination. The Central Office will forward the written appeal and any response or reply to the Appeals Panel. The Appeals Panel will consider the issues raised in the request for appeal and make a determination, which may include adopting or reversing the decision below, directing that the investigation be re-opened, or any other appropriate action.

At the conclusion of this review, the Appeals Panel will prepare a statement of outcome regarding the appeal request, to be shared with the parties, the Local Designated Resource, the Central Office, and the Appropriate Official or their designee(s), seeking to complete any appeal generally within 30 ordinary business days after receipt of the request for appeal.

### D.  Sanctions and Remedial Measures

Once any appeals are resolved, the Appropriate Official or designee(s) will determine actions to take based on the Determination Panel's findings and pursuant to local disciplinary policies. Sanctions or remedial measures for findings relevant to this Policy shall take into account the severity and impact of the conduct, the respondent's previous disciplinary history, and the goals of this Policy. While sanctions and remedial measures will vary, examples include but are not limited to counseling, warning, reprimand, suspension, probation, monitoring, community service, reduction in access to resources, reduction in oversight duties, reduction in salary, mandatory coaching and training, paid or unpaid leave, dismissal, expulsion, or termination, including possible recommendation of tenure termination. The Appropriate Official shall ensure that all sanctions and corrective or remedial measures are implemented.

Any issuance of sanctions or remedial measures will be communicated to the respondent in writing. Decisions about sanctions and remedial measures are final and cannot be appealed under these procedures.

**Harvard University Anti-Bullying Policy**

## I.        Statement of Principles

Harvard University is committed to cultivating a community that is open, welcoming, and inclusive, and that supports all community members in pursuit of the University's mission of learning, teaching, research, and discovery. As outlined in the University-Wide Statement on Rights and Responsibilities (1970), the University is "characterized by free expression, free inquiry, intellectual honesty, respect for the dignity of others, and openness to constructive change." Bullying, hostile and abusive behavior, and power-based harassment directly threaten the ability of community members to engage in the free exchange of ideas and pursue their educational and professional goals. Such behaviors, as defined in this Policy, are prohibited at Harvard.

This Policy aims to foster a University community built on mutual respect and trust while protecting academic freedom, reasoned dissent, and legitimate pedagogical and employment-related feedback. The Policy is intended to educate community members about bullying and to provide informal and formal mechanisms for addressing and rectifying behaviors that breach such mutual respect and trust. No one at Harvard should face bullying, and all community members should feel confident in reporting any incidents without fear of retaliation. The University strongly encourages anyone who has been bullied, or anyone who observes such behavior, to make a report through the channels outlined in the Policy. The University will respond promptly to reports of bullying and will take appropriate action to prevent and respond to behavior that violates the Policy.

This Policy applies to all members of the Harvard community, including faculty, researchers, staff, and students.[1] The procedures outlined in this Policy are for internal complaints raised by individual community members. The Policy is not intended to, nor does it, create any contractual, legal, or other right for any individual and does not impose any contractual or legal obligation on the University. Nothing in this Policy limits the University's or School's ability to address behavior that it determines is inconsistent with their expectations, policies, standards, or values.

An individual can be found to have violated this Policy in addition to other relevant University or School policies, but a complainant may not pursue a complaint under this Policy based on behavior or conduct that has already been investigated and resolved under other University or School policies or procedures.

Retaliation is prohibited against an individual for raising a good-faith allegation, for cooperating in an investigation of such a complaint, for opposing prohibited conduct, for denying or defending oneself against an allegation, or for offering or providing support to an individual who makes or may make a good-faith report of misconduct. Denying or defending oneself against an allegation through these procedures will ordinarily not be considered a

---

[1] At Harvard, administrators either fall into the faculty or staff category.

retaliatory act unless the action is found to have been taken in bad faith. Submitting a complaint in bad faith or providing materially false or misleading information in an investigation is also prohibited.

## II.     Definitions

### A.  Definition of Bullying

Bullying, used as a shorthand for hostile and abusive behavior or power-based harassment, is defined here as harmful interpersonal aggression by words or actions that humiliate, degrade, demean, intimidate, or threaten[2] an individual or individuals. For a violation of the Policy to occur, such aggression must be sufficiently severe or pervasive, and objectively offensive, that it creates a work, educational, or living environment that a reasonable person would consider intimidating, hostile, or abusive and denies the individual an equal opportunity to participate in the benefits of the workplace or the institution's programs and activities. Unless sufficiently severe or pervasive, a single act typically would not constitute bullying.

The Policy is intended to ensure that all community members, regardless of rank or status, may pursue their work or learning. Power-based harassment is of particular concern because of the ways in which it can create a broader culture of abusive behavior. While bullying may in many cases involve an imbalance of power, this Policy recognizes that bullying may also occur between community members in the same role, or of the same rank or status.

Bullying may include, but is not limited to, the following behaviors:
- Abusive expression directed at an individual or individuals, such as derogatory remarks, epithets, or ad hominem attacks that are outside the range of commonly  accepted expressions of disagreement, disapproval, or critique in an academic community and professional setting that respects free expression. The Policy encompasses abusive expression or ad hominem attacks that are verbal or nonverbal, spoken or written, recorded, visual, or digital, including content posted to online platforms, academic tools, or social media sites. Examples include:
    - Performance feedback delivered by yelling, screaming, making threats[3] or gratuitous insults.
    - Deliberate and repeated humiliation. This could include actions such as deliberate and repeated shaming of peers on online platforms in response to ideas, beliefs, or opinions shared in the classroom.
    - Malicious comments about a person's appearance, lifestyle, family, or culture.
- Unwarranted physical contact or intimidating gestures directed at an individual or individuals. Examples include:

---

[2] Informing individuals of possible negative consequences will not on its own be considered a threat that violates this Policy, unless a reasonable person would find the manner in which the individual is informed of the possible consequence or the consequence itself to be inappropriate or solely intended to intimidate.

[3] See footnote 2.

- o A physical, verbal, or written act toward another person, which causes them reasonably to fear for their safety or the safety of others.
  - o Invading personal space after being asked to move or step away.
- Conspicuous and unwarranted exclusion or isolation of an individual or individuals, with the intentional effect of harming their reputation in the workplace or learning environment and hindering their learning or work;
- Sabotage or threatened sabotage of the studies, work, or career advancement of an individual or individuals. Examples include:
  - o Interfering or threatening to interfere with a person's visa status.
  - o Spreading false or misleading information or malicious rumors.
  - o Sharing confidential information about another person without a legitimate pedagogical or employment-related purpose.
  - o Interfering with a person's personal property or work equipment.
  - o Damaging or destroying a person's work.
- Abuse of authority, such as using inappropriate threats or retaliation in the exercise of authority, supervision, or guidance, or impeding or attempting to impede another person from exercising rights under any of Harvard's policies or procedures.

The Policy is not intended to discourage or interfere with ordinary managerial, mentoring, or educational relationships, including the solicitation or delivery of constructive or critical feedback. Bullying must therefore be distinguished from behavior which may be unpleasant or unsettling but is nevertheless appropriate for carrying out certain pedagogical or employment-related responsibilities.

Examples of conduct that would not ordinarily violate this Policy include the following:
- Administrative actions such as performance reviews (including negative performance reviews), appropriate discipline, critical feedback, assigning work to employees, or other managerial decisions.
- Elements of the student-teacher relationship, such as critical feedback on the academic work of students, including advising a student of unsatisfactory academic work and the potential for course failure or dismissal from the program; grading; and deadlines.
- Critical feedback on the inappropriate behavior of individuals, including advising of the consequences of inappropriate conduct, poor performance, or failure to follow policy.
- Differences of opinion, interpersonal conflicts, and occasional disagreements, which are often part of academic and working life and do not necessarily constitute bullying.
- Classroom discussion of academic research or reasoned opinion on controversial issues.
- Pedagogical decisions concerning topics to be considered and methods to be used to draw students into discussion (e.g., the cold-calling Socratic Method, which has a clear pedagogical use but which some students may consider unpleasant or unsettling).

This Policy should also be construed within the context of the University's enduring commitment to academic freedom and free inquiry, and the conception of the University as a place that must encourage reasoned dissent and the free exchange of ideas, beliefs, and opinions, however unpopular. This Policy is not intended to constrain the freedom of Harvard community members to engage in academic disagreements or to discuss controversial matters, criticize the

administration or University policies, or take part in political protest.

### B. Other Definitions

**Appropriate Official**: Each School and Central Administration will define and publish with this Policy their Appropriate Officials, who will be the final authority to issue any sanctions, based upon the respondent's role at the University.

**Central Office**: An office designated to serve the entire University that will work with Local Designated Resources when formal and informal complaints are received. It will staff or provide referrals to neutral, trained investigators who will manage investigations of formal complaints; provide resources and information to community members who have questions about policy, process, or supportive measures; and keep records of reports, complaints, findings and, if any, sanctions consistent with University policies related to recordkeeping.

**Local Designated Resource**: Each School and Central Administration will designate individual(s) to serve as the resource for receiving reports and complaints, directing community members to resources, and providing information on supportive measures. The Local Designated Resource will coordinate with the Central Office regarding complaints, training, and educational initiatives relevant to the Policy.

**Complainant**: Complainant refers to the person(s) who is/are directly impacted or targeted by the alleged violation.

### III.    Jurisdiction

This Policy and its accompanying procedures apply to alleged acts of bullying, including online bullying, that are committed by any member of the Harvard community, including faculty, researchers, postdoctoral fellows, staff, and students, but does not apply to alleged misconduct that may fall within the scope of other University policies. Sexual and gender-based harassment are covered by the University's Title IX Sexual Harassment Policy, Other Sexual Misconduct Policy, and Sexual and Gender-Based Harassment Policy. Claims of discrimination are handled under the University Non-Discrimination Policy, with the exception of claims of discrimination on the basis of disability or failure to accommodate a disability, which are addressed through the University Disability Resources Grievance Policy. This Policy and its accompanying procedures apply when the alleged conduct occurs:

1.  On Harvard property, including Harvard e-mail or computer systems, or

2.  Off Harvard property, including conduct using social media or other non-Harvard online platforms, if

   a.    The conduct directly involved a University program, a University-recognized program or activity, or another work-related activity such as attending a conference, conducting research in the field, providing expertise to policymakers, presenting a talk at another institution or venue, etc., and

   b.    The conduct may have the effect of creating a hostile or abusive work or learning environment for a member of the University community.

**IV.    Governing Principles**

In the interest of providing a fair process, preserving privacy, and preventing retaliation, the following principles will be observed:

- *Impartiality*. All persons charged with responsibility for implementing these procedures will discharge their obligations with fairness, rigor, and impartiality.

- *Fair Process*. Principles of fair process should be observed throughout the process. This includes timely resolution of the process, proper notice to parties, and the ability to respond to allegations.

- *Privacy*. All activities under these procedures will be conducted with regard for the legitimate privacy and reputational interests of all parties involved. Once a formal complaint is filed, all parties, including witnesses, will be notified of the expectation that they keep information about the case – including any documents that they may receive or review – confidential. They will also be notified that sharing such information might compromise the investigation or may be construed as retaliatory. Medical and counseling records are privileged and confidential documents that parties will not be required to disclose. The parties remain free to share their own experiences, other than information that they have learned solely through the procedures and processes under this Policy. To avoid the possibility of compromising the investigation, it is generally advisable to limit the number of people in whom the parties confide.

- *Respondents Are Presumed Not Responsible*. A respondent is presumed not to be responsible for an alleged Policy violation until a final determination regarding responsibility is made.

- *University Values*. The procedures for this Policy are to be construed in accordance with broader University policies, including the University-Wide Statement on Rights and Responsibilities.

- *Clarity and Visibility*. All members of the University community are expected to be aware of the University's Anti-Bullying Policy, understand what conduct is prohibited under the Policy, and understand what their rights and responsibilities are under the Policy and Procedures.

- *Transparency*. Throughout the course of an investigation into a formal complaint, the Investigator will provide frequent updates to both the complainant (the person bringing the complaint) and the respondent (the person about whom the complaint has been made).

- *Timeliness*. The Central Office, in consultation with the Local Designated Resource and investigator as needed, may impose reasonable timeframes to enable timely resolution of the matter. The investigatory process typically will not exceed 90 ordinary business days, absent extenuating circumstances. The timeframes identified below will not include any days that the University is closed for business (e.g., winter recess). If the timeframes must be extended for other extenuating

circumstances, both parties will be notified in writing of the expected extension and the reason for the extension.

- *Avoiding Conflict of Interest*. The University commits to eliminating any conflicts of interest in the process. In situations where either the complainant or the respondent names as a party or witness the University official(s) who are designated as facilitating or overseeing any stage in the Informal Resolution or Formal Complaint Processes, the Local Designated Resource, in consultation with appropriate School officials, will determine a designee to assume those responsibilities in place of the named University official(s).

- *Available Support and Remedies*. All members of the University community may seek supportive measures should they experience or witness conduct prohibited under this Policy. A party may seek supportive measures and resolution through informal processes under this Policy or other University procedures, and they remain free to pursue a formal complaint under this Policy without prejudice.

## V.    Supportive Measures

The Local Designated Resource, in consultation with other School or University officials as needed, may implement supportive measures to protect Harvard community members and preserve access to the University's educational and work programs or activities during any informal resolution process or during a formal investigation.

## VI.    Procedures

### A.  Legal Context and Personal Advisors

These are academic and employment-related, not legal, procedures handled within the context of the University. Parties who wish may file formal complaints through processes external to the University, including government agencies, courts, and other formal legal channels.

- Any information that the investigative team deems relevant and trustworthy may be considered even if they would not be admissible under legal rules of evidence.

- Parties may bring a personal advisor of their choice to any meeting or other proceeding that is part of the procedures under this Policy. Personal advisors may not speak for their advisees during interviews or meetings that are part of the investigation. When a party is a member of a collective bargaining unit, the personal advisor may be a union representative.

Respondents may wish to obtain legal advice about how this process could affect any legal case in which they are or may become involved. When the allegations, if true, might constitute criminal conduct, the respondent is advised to seek legal counsel before making any written or oral statements.

### B.  Informal Resolution

Members of the community with a concern about a possible violation of this Policy should contact the Local Designated Resource for an initial consultation to discuss options, including informal resolution. If the individual objects to consulting with an individual Local Designated Resource on grounds of alleged conflict of interest or bias, they may bring the matter in the first instance to the Central Office, which will review the claims and, where appropriate, determine an alternative individual from the local School[4] to serve as the Local Designated Resource for initial consultation.

Bringing a concern to the attention of the Local Designated Resource or Central Office does not automatically launch an inquiry or investigation. Supportive measures or other techniques for conflict resolution may be provided regardless of whether a mediated resolution or formal investigation is launched. Interested parties are advised to seek support, information, or advice from the Local Designated Resource or the Central Office. They can expect to learn about resources available at the University and elsewhere that provide counseling and support. They can also request information about the steps involved in pursuing informal resolution or filing a formal complaint, as well as supportive measures, as appropriate.

Reports or complaints can be made anonymously and recorded. However, under such circumstances  the ability of the University to fully address the complaint or report may be limited. A website listing available support resources offered to University community members is forthcoming.

### C.  Formal Complaint Procedures

1.      *Filing of a Formal Complaint:* If efforts at informal resolution are unsuccessful or not feasible, the complainant may file a complaint. Complainants filing a formal complaint cannot remain anonymous or prevent their identity from being disclosed to the respondent. A complainant may file a formal complaint with the Local Designated Resource or with the Central Office. The complaint must be in writing and should be written in the complainant's own words. The complaint should identify the parties involved[5]; describe the allegedly bullying or abusive behavior, including when and where it occurred; and identify by name or description any witnesses or evidence (e.g. correspondence, records, etc.). Within 5 ordinary business days of receiving a complaint, the relevant Local Designated Resource and the Central Office will share the complaint with each other and engage in a preliminary consultation about the claim asserted. If a complaint involves a complainant and respondent from different Schools within the University, the School of the respondent will be the Local Designated Resource. If multiple complaints are filed at or near the same time against the same respondent, the Local Designated Resource, after consultation with the Central Office, may pool the complaints into a single investigation but is not required to do so.

If the complainant objects to the involvement of an individual Local Designated Resource based on alleged conflict of interest or bias, they must make the objection at the time that they file

---

[4] Throughout this policy, the term "local School" refers to the School of the Local Designated Resource or, where the Local Designated Resource is in Central Administration, Central Administration.

[5] While the formal complaint cannot proceed without an identified respondent, other avenues may be pursued to try to identify anonymous respondents.

their complaint with the Central Office. Such objection must be in writing and must fully state the reasons for the objection. The Central Office will review the objection and, where appropriate, determine an alternative individual from the local School to serve as the Local Designated Resource. The Central Office will notify the complainant and the original Local Designated Resource of its decision.

2.    *Initial Review*. The Local Designated Resource conducts an initial review to determine if, on the face of the complaint, it alleges a violation of applicable policy and warrants an investigation. The initial review will be concluded within 14 ordinary business days after the date the formal complaint was received. The decision (either to dismiss or accept the complaint) will be communicated in writing to the complainant with a copy to the Central Office.

      a.    Initial review -- Dismissal of Complaint. The complaint may be dismissed without further process or review if the complaint on its face is frivolous, insubstantial, outside the scope of applicable policy or their accompanying procedures, or otherwise unable to state a claim for relief under applicable policy. A complaint may also be dismissed without further investigation if the issues it raises have been considered by the University in another forum or through another mechanism or if an investigation would not be feasible due to the passage of time since the alleged conduct occurred.

      b.    Initial review -- Acceptance of Complaint. When it is determined that the complaint should not be dismissed, an investigation will be opened as described below if under this Policy, or, if under a different applicable policy, will proceed in accordance with the applicable policy.

3.    *Assignment of an Investigator.* The Local Designated Resource, in consultation with the Central Office, will assign a trained investigator, whether an internal resource or external resource, to investigate the allegations.

4.    *Written Notice to the Parties*. Within 7 ordinary business days of the determination at initial review that the complaint should be investigated, the Central Office will send written notice to the complainant and respondent that will include a copy of the original complaint, the identities of the parties, the name of the investigator, and a summary of the process that will be followed.

5.    *Objection to the Choice of Investigator*. Either the complainant or the respondent may object to the choice of investigator for good cause, such as evidence of conflict of interest or bias. Such objection must be in writing, must fully state the reasons for the objection, and must be received by the Local Designated Resource within 7 ordinary business days after the notice to the complainant and respondent is sent. The Local Designated Resource will determine whether to remove and replace the investigator and will notify the parties and the Central Office of its decision. At this time, the Respondent only may object to the involvement of an individual Local Designated Resource on the grounds of conflict of interest or bias. Such objection must be in writing, must fully state the reasons for the objection, and must be received by the Central Office within 7 ordinary business days after the notice to the complainant and respondent is sent. The Central Office will review the objection and, where appropriate,

determine an alternative individual from the local School to serve as the Local Designated Resource. The Central Office will notify the parties and the original Local Designated Resource of its decision.

6.      *Written Statement from Respondent*. The respondent will have 7 ordinary business days from written notification of the complaint to submit a written statement to the investigator in response to the allegations but is not required to do so. Attached to the statement should be a list of all sources of information (e.g., witnesses, correspondence, records) that the respondent believes may be relevant to the investigation.

7.      *Investigation*. The investigator will gather information from the complainant and the respondent, and others, if appropriate. If, in the course of the investigation, the investigator decides to pursue allegations that have come to light but were not included in the written notice to the parties, the investigator will provide notice of the additional allegations to the respondent. Both parties will have a reasonable and equal opportunity to submit the names of witnesses and any relevant information for review; and to review the information upon which the investigator may rely in making their findings and recommendations. Both parties will have 7 ordinary business days to submit additional information in response.

8.      *Investigative Report*. At the conclusion of the investigation, the investigator will make preliminary findings of fact, applying a preponderance of the evidence standard, and make a recommended finding as to whether there was a violation of this Policy. The investigator will provide the complainant and respondent with a written draft of the preliminary findings of fact and analysis and will give both parties 7 ordinary business days to submit written responses to the draft.

The investigator will consider whether revisions to the preliminary report are required based on any written responses and will send the final report to the Central Office, the Local Designated Resource; the complainant; and the respondent. The investigator generally will issue the preliminary report within 90 ordinary business days of the complaint.

9.      *Determination.* Within 7 ordinary business days of receipt of the final investigative report, the Local Designated Resource will appoint a panel of, at minimum, three neutral members (the "Determination Panel") from the Central Office's designated list of trained Determination Panel Members to review the investigative report and determine, using a preponderance of the evidence standard, whether the Policy was violated. The Determination Panel may include any combination of staff or faculty, but it must include at least one member who is not employed by the local School. Local Schools will determine when and how a Determination Panel may seek additional information, either by questions to the investigator or questions to the parties.

The Determination Panel will issue a written determination within 21 ordinary business days of the Panel's receipt of the final investigative report, absent extenuating circumstances requiring an extension. The written determination will be provided to both parties, the Local Designated Resource, the Central Office, and the Appropriate Official. If a Policy violation is found, the decision will include recommended corrective measures (e.g., training, coaching, or other measures, as appropriate) to be taken by the unit(s) to eliminate the conduct, prevent

its recurrence, and address its effects. The imposition of any sanctions or remedial measures is addressed separately from the written decision in accordance with local policy.

10.     *Appeal*. If they wish to do so, within 7 ordinary business days of the issuance of the written determination, the complainant and respondent may submit a signed, written appeal of no more than 2,500 words to the Local Designated Resource or Central Office on one or more of the following grounds:

  a.  A procedural error occurred that affected the outcome of the decision;
  b.  The appellant has new evidence that was not reasonably available at the time the determination was made and that may change the outcome of the decision;
  c.  A Determination Panel member(s) involved in the determination of the claim had a conflict of interest or bias for or against the individual complainant or respondent such that a reasonable person would conclude it influenced the outcome of the matter; or
  d.  On the record as a whole, no reasonable Determination Panel could have reached the same determination.

Disagreement with the findings or determination is not, in and of itself, a ground for appeal.

The Central Office and Local Designated Resource will share the appeal with each other, and the Central Office will send copies of the request for appeal to the Appropriate Official or their designee(s) and the other party. The Central Office, in consultation with the Local Designated Resource, will review the request for appeal for timeliness and compliance with the procedures set forth in this Policy. Within 7 ordinary business days of receipt of the written appeal, the Central Office will inform the parties and the Appropriate Official or their designee(s) whether the appeal is timely and compliant with this Policy.

If the appeal is deemed timely and in compliance with the procedures set forth in this Policy, the non-appealing party may submit a response to the appeal within 7 ordinary business days of receiving the appeal, and the response must be no more than 2,500 words. The response will be shared with the appealing party. The appealing party may submit a reply of no more than 1,000 words within 5 ordinary business days. The non-appealing party will have access to the other party's reply, but no further responses will be permitted. All appeals will be based solely on the written record.

The Central Office will work with the Local Designated Resource to appoint an Appeals Panel of, at minimum, three neutral members from the Central Office's designated list of trained Appeals Panel Members. The Appeals Panel may include any combination of staff or faculty, but it must include at least one member who is not employed by the local School of the Local Designated Resource, and it may not include any individual who has served a role in the alleged conduct, the investigation, or the determination. The Central Office will forward the written appeal and any response or reply to the Appeals Panel. The Appeals Panel will consider the issues raised in the request for appeal and make a determination, which may include adopting or reversing the decision below, directing that the investigation be re-opened, or any other appropriate action.

At the conclusion of this review, the Appeals Panel will prepare a statement of outcome regarding the appeal request, to be shared with the parties, the Local Designated Resource, the Central Office, and the Appropriate Official or their designee(s), seeking to complete any appeal generally within 30 ordinary business days after receipt of the request for appeal.

### D.  Sanctions and Remedial Measures

Once any appeals are resolved, the Appropriate Official or designee(s) will determine actions to take based on the Determination Panel's findings and pursuant to local disciplinary policies. Sanctions or remedial measures for findings relevant to this Policy shall take into account the severity and impact of the conduct, the respondent's previous disciplinary history, and the goals of this Policy. While sanctions and remedial measures will vary, examples include but are not limited to counseling, warning, reprimand, suspension, probation, monitoring, community service, reduction in access to resources, reduction in oversight duties, reduction in salary, mandatory coaching and training, paid or unpaid leave, dismissal, expulsion, or termination, including possible recommendation of tenure termination. The Appropriate Official shall ensure that all sanctions and corrective or remedial measures are implemented.

Any issuance of sanctions or remedial measures will be communicated to the respondent in writing. Decisions about sanctions and remedial measures are final and cannot be appealed under these procedures.

*December 5, 2022*