UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
----------------------------------------------------------- X
ALEXANDER KESTENBAUM and                    :
STUDENTS AGAINST ANTISEMITISM,              :
INC.,                                       :
                                            :
              Plaintiffs,                   :   Civil Action No. 1:24-cv-10092-RGS
        v.                                  :
                                            :
PRESIDENT AND FELLOWS OF                    :
HARVARD COLLEGE,                            :
                                            :
              Defendant.                    :
----------------------------------------------------------- X
```

**PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL
UNREDACTED DECLARATION OF SAA MEMBER # 1**

Pursuant to Local Rule 7.2, Plaintiffs Alexander Kestenbaum ("Kestenbaum") and Students Against Antisemitism, Inc. ("SAA") move to file under seal the unredacted version of the declaration of SAA Member #1 in support of Plaintiffs' Opposition to Defendant's Motion to Dismiss and Strike ("Declaration"). For the reasons explained herein, the Declaration should remain under seal until further order of the Court.[1]

SAA is a nonprofit organization "formed for the purpose of defending human and civil rights, including the rights of individuals to equal protection and to be free from antisemitism in higher education, through litigation and other means." ECF No. 32 ("Am. Compl.") ¶ 13. SAA consists of voluntary members, "includ[ing] current, former, and prospective Jewish Harvard students who are experiencing (or have experienced, in the case of former students) a severe and pervasive hostile educational environment at Harvard that causes them to lose the benefits of Harvard's educational and extracurricular opportunities." *Id.* ¶ 14.

---

[1] Defendant President and Fellows of Harvard College ("Harvard") takes no position on this motion.

Through this Action, SAA seeks injunctive relief on behalf of its members, prohibiting Harvard from continuing its alleged violations of Jewish students' civil rights. The Declaration seeks to rebut Harvard's challenge to Plaintiffs' standing and to ripeness. ECF No. 36 (Def's Mem. in Support of Mot. to Dismiss ("Mem.")) at 8-17. Plaintiffs seek to redact SAA Member #1's name and other personally identifiable information from the public for at least two reasons: to safeguard SAA members' associational privilege, and to protect SAA Member #1's privacy interests, including his interest in being free from harassment, discrimination, and retaliation that may result from publicly disclosing his identity given the "unprecedented . . . rise in campus tensions" underlying this action. *Id.* at 3. Redaction is proper "after weighing competing interests," such as when public access would interfere with the "privacy rights of participants and third parties." *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (citation omitted). The First Amendment presumption of public access can similarly be overcome "by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Providence J. Co.*, 293 F.3d 1, 11, 15 (1st Cir. 2002) ("Redaction constitutes a time-tested means of minimizing any intrusion on that right.").

*First*, requiring disclosure of SAA Member #1 identity would "adversely affect the ability of . . . [SAA's] members to pursue their collective effort to foster beliefs which they admittedly have the right to advocate[.]" *NAACP v. Ala. ex rel. Patterson*, 357 U.S. 449, 462-63 (1958). If SAA members' identities were subject to compelled disclosure through SAA's efforts to defend civil rights through litigation, "it may induce members to withdraw from [SAA] and dissuade others from joining it because of fear of exposure of their beliefs shown through their associations and of the consequences of this exposure." *Id.* at 463. The "consequences of this exposure," as set forth below, include discrimination, harassment, and retaliation.

*Second*, SAA Member #1's name and personally identifiable information should be redacted for his own protection. The identity of SAA members "is particularly important where," as here, "the group's cause is unpopular; once the participants lose their anonymity, intimidation and suppression may follow." *Sexual Minorities of Uganda v. Lively*, 2015 WL 4750931, at *4 (D. Mass. Aug. 10, 2015) (citation omitted). Indeed, "on past occasions, revelation of the identity of [a Jewish advocate at Harvard] has exposed [him] to . . . threat of physical coercion . . . and other manifestations of public . . . hostility." *Id.* (citation omitted). Here, after filing this action, a Harvard employee began to harass named-plaintiff Kestenbaum. *See* Am. Compl. ¶¶ 185-89. While that employee is, according to Harvard, "on leave" (Mem. at 12, 23, 26), he contacted Kestenbaum again on social media on April 23, 2024. If his identity is publicly revealed, SAA Member #1 would likely face similar retaliation from the Harvard employees or students mentioned in his allegations. *See, e.g.*, Am. Compl. ¶¶ 115, 121, 126 (reporting student groups for organizing events with pro-violence, antisemitic rhetoric); *id.* ¶ 145 (reporting teaching fellow, who subsequently assaulted a Jewish student); *United States v. Regeneron Pharms., Inc.*, 2023 WL 3061505, at *5 (D. Mass. Apr. 21, 2023) (ordering deposition transcript unsealed, but requiring redaction of the name and other personally identifiable information of a witness because of concerns of "retaliation and harassment"); *United States v. Swartz*, 945 F. Supp. 2d 216, 221 (D. Mass. 2013) (denying motion to modify protective order to disclose identifying information where "individuals connected to the investigation have suffered incidents of harassment and retaliation," which "demonstrate[d] a strong risk that any individuals newly named in the discovery materials face potential reprisals and that their interests strongly support redaction of such identifying information"); *Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 75 (D.R.I. 1992)

(permitting transsexual plaintiff to proceed anonymously because there was "little if any evidence that the public interest in disclosure is sufficient to override plaintiff's security interest").

Accordingly, the Court should grant the motion for leave to file an unredacted version of the Declaration under seal with the redacted version available on the public record.

Dated: April 26, 2024

Respectfully submitted,

ALEXANDER KESTENBAUM and STUDENTS AGAINST ANTISEMITISM, INC.

By their attorneys,

　/s/ Marc E. Kasowitz　
　　Marc E. Kasowitz*
　　Daniel R. Benson*
　　Mark P. Ressler*
　　Andrew L. Schwartz*
　　Joshua E. Roberts*
　　Andrew C. Bernstein*
**KASOWITZ BENSON TORRES LLP**
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
mkasowitz@kasowitz.com
dbenson@kasowitz.com
mressler@kasowitz.com
aschwartz@kasowitz.com
jroberts@kasowitz.com
abernstein@kasowitz.com

Timothy H. Madden (BBO #654040)
**DONNELLY, CONROY & GELHAAR, LLP**
260 Franklin Street, Suite 1600
Boston, MA 02110
Tel: (617) 720-2880
thm@dcglaw.com

*Admitted *pro hac vice*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I hereby certify that I have conferred with Counsel for Defendant in a good faith attempt to resolve or narrow the issue. Defendant does not oppose the filing of the unredacted Declaration under seal.

*/s/   Marc E. Kasowitz*
Marc E. Kasowitz

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on April 26, 2024. I further certify that I will send via electronic mail the unredacted version of the Declaration of SAA Member #1 to the defendant's attorneys of record in this matter on April 26, 2024.

*/s/   Marc E. Kasowitz*
Marc E. Kasowitz
