Joshua Lapin, Pro Se Proposed-Amicus

401 E 8th ST
STE 214 PMB 7452
Sioux Falls SD 57103

Email: thehebrewhammerjosh@gmail.com

Facsimile: (605) 305-3464

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER KESTENBAUM and STUDENTS AGAINST ANTISEMITISM, INC., <br><br> Plaintiffs <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Defendant | Case No.: 1:24-cv-10092-RGS <br><br> **MOTION FOR LEAVE TO FILE A 16-PAGE AMICUS BRIEF OF [PROPOSED] AMICUS CURIAE JOSHUA LAPIN, AND TO REPLY TO ANY OPPOSITIONS THERETO** |

COMES NOW Proposed-Amicus Joshua Lapin, *pro se,* and hereby moves this court to allow him to file the attached [proposed] amicus brief. The motion is accompanied by a supporting brief "Supp. Brief," and the proposed amicus brief.

While neither the local rules of this court, nor the Federal Rules of Civil Procedure govern amici curiae (*Supp. Brief,* s. IV), Proposed-Amicus styles this motion after the requirements of Fed. R. Civ. P. 29, and otherwise defers to his supporting brief for the crux of the argument in support of leave to appear as amicus curiae.

## Fed. R. App. P. 29(4)(A)-(F) Statement

Proposed-Amicus Joshua Lapin is a 27 year old frequent filer of anti-spam suits under SDCL § 37-24-41 against alleged email spammers and related parties, and as of late, a frequent filer of [proposed] amicus briefs in cases which share legal issues with his own. Self taught, Lapin has opposed well-known defense attorneys in state and federal courts all around this country, and has written briefs in opposition to spam-defendant's defenses under various state supreme courts as well as Federal Courts: whichever is binding onto a given case. His interest in the instant matter is two-fold: A) He is unapologetically Jewish and cares about the "members of his tribe," and shares the plaintiff's interest in the safety of the Jewish people. B) the issue of Article III standing is one which proposed-amicus argues frequently, in his own cases and as amicus, and which forms the basis of a writ of certiorari that he will soon seek from the U.S. Supreme Court. See *Lapin v. EverQuote*, 2023 WL 2072059 (D.S.D. Feb. 17, 2023), aff'd w/o op. 2024 WL 1109067 (March 14, 2024) See also (*Supp. Brief*, s. I, ¶(C) ). Proposed-Amicus is passionate about advancing his legal interests, and therefore by extension, the interests of all spam plaintiff's nationwide, whose cases are similar, with relevant, yet repetitive issues (alleged CAN-SPAM Preemption, lack of personal jurisdiction for emails sent on the defendants behalf by agents, etc. However, as of late, this scope has broadened to related areas of consumer protection. See *Travelers United v Kristi Noem*, No. 2024-CAB-001623 (D.C. Super. Ct. filed Mar. 18, 2024) 11/29/24 Prop. Am. Brief: Proposed-Amicus advising he believes the court lacks personal jurisdiction over his governor, Kristi Noem, and alternatively that the claims against her are barred by the dormant commerce clause (U.S. Const. Art. I, § 8, cl. 3.) As to the source of his ability to file amicus curiae herein, Proposed-Amicus defers to (*Supp. Brief*, s. III, ¶(C) ). The Proposed Amicus Brief Contains a Table of Contents and a Table of Authorities. No party or party's counsel authored the proposed amicus brief; it was entirely written by proposed-amicus without assistance from any person, nor did any party, attorney to a party, or any other person contribute money towards this amicus brief; this was entirely proposed-amicus's self-funded project. As to a summary of the argument, proposed-amicus alleges that all of the plaintiff's, including the association and natural persons, have article III standing to raise their claims in Federal Court.

### Fed. R. App. P. 29(A)(5) Statement (Request for Leave to File Overlength Am. Brief)

This rule typically limits briefs to "one-half the maximum length authorized by these rules for a party's principal brief," which would be ten pages re: L.R. 7.1(b)(4).  Both parties sought, and were granted, leave to file briefs of nearly double the limit. *Dkt 33, 40.*  This could granted both parties leave to file memoranda up to 30 pages. *Dkt 34,41.*  Recognizing Fed. R. App. P. 29(A)(5) states "If the court grants a party permission to file a longer brief, that extension does not affect the length of an amicus brief," proposed-amicus hereby requests leave to file the 16 (practically 15) page am. Brief, which would virually equal ½ the length of the parties memoranda.

### Strong Deference To *Supp. Brief*

This motion is far from exhaustive, and is mainly intended to ensure compliance with the rule that this court is *predicted* to adopt Fed. R. Civ. P 29 in order to govern proposed-amicus's participation. See (*Supp. Brief,* [*Supp. Brief,* s. IV]).  Proposed-Amicus strongly defers to his *Supp. Brief,* filed herewith, for the complete argument in support of his argument that he should be granted leave to file the [proposed] amicus brief submitted herewith.

### Request For Leave To Reply To Any Oppositions Thereto

This court is anticipated to adopt Fed. App. R. P. 29 for the purposes of governing [proposed] amicus participation, and s. 7 reads, "Reply. Except by the court's permission, an amicus curiae may not file a reply brief."  Recognizing this, proposed-amicus hereby seeks leave to file a reply to any forthcoming oppositions in advance.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that on May 1st, 2024, proposed-amicus conferred with Plaintiff's counsel Andrew C. Bernstein and Defendant's counsel Bruce M. Berman, both of whom similarly represented that they "take no position" on the motion and its [proposed] amicus brief.

                                                                 /s/ Joshua A. Lapin

05 / 06 / 2024    Joshua A. Lapin

### Certificate of Service

I hereby certify that the forgoing, alongside its supporting brief, the [proposed] amicus brief, and the motion for leave to file a reply, were all filed by mail, which will trigger service of the same when the clerk uploads the document, causing a Notice of Electronic Filing (NEF) to be sent by CM/ECF to the below parties, satisfying L.R. 5.4(c).

/s/ Joshua A. Lapin
Joshua A Lapin
Pro Se Proposed-Amicus 5/06/24

05 / 06 / 2024

Signature