Joshua Lapin, Pro Se Proposed-Amicus

401 E 8th ST
STE 214 PMB 7452
Sioux Falls SD 57103

Email: thehebrewhammerjosh@gmail.com

Facsimile: (605) 305-3464



UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER KESTENBAUM and STUDENTS AGAINST ANTISEMITISM, INC., <br><br> Plaintiffs <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Defendant | Case No.: 1:24-cv-10092-RGS <br><br> **BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMICUS BRIEF OF [PROPOSED] AMICUS CURIAE JOSHUA LAPIN** |

COMES NOW Proposed-Amicus, pro se, and hereby submits his brief in support of his motion for leave to appear as amicus curiae; the same should not be confused with the proposed-amicus brief itself, which is similarly filed herewith.

**I. Proposed-Amicus's Cases And Background (In Relevant Part)**

**A.** From mid-2021 – Present Date, Proposed-Amicus Joshua Lapin, pro se, 27 years old, is an experienced filing of anti-spam lawsuits under South Dakota's anti-spam law, SDCL § 37-24-41 et seq; a majority of which were filed in jurisdictions outside South Dakota, yet under the same South

1

Dakotan cause of action. This gave the non-attorney, pro-se, therein-plaintiff, herein-amicus, a unique experience litigating the issues that plague consumer protection issues in greater fora than most licensed attorney's will experience in their entire careers. All legal knowledge he's amassed is self-taught; Proposed-Amicus is a college dropout who was financially distraught as recently as 2021, before South Dakota's anti-spam cause of action pulled him out from the rubble; he is now "competitive" in briefing against licensed attorneys in anti-spam cases, on the issues that matter and which overlap with the instant cases circumstances. The only reason proposed-amicus does not list citations for his prior cases is because many of them resolved out-of-court, on terms that include confidentiality, and he doesn't want to find himself in [alleged] breach of contract.

**B.** The purported-defenses raised to anti-spam cases, which proposed-amicus has briefed in opposition, include the following:

1) The court lacks personal specific jurisdiction over the non-resident defendant (spammer)

2) The notion that state spam statutes are preempted, facially or as applied to a case at bar, by the CAN-SPAM Act of 2003.

3) While it hasn't come proposed-amicus's way yet, a common purported-defense to spam suits is that such claims violate the dormant commerce clause, especially when spams are sent and received outside of the state which seeks to enforce its own spam law. See Marycle v. First Choice Internet, Inc., 166 Md. App. 481, 518 (Md. Ct. Spec. App. 2006); State v. Heckel, 143 Wn. 2d 824, 831 (Wash. 2001). In anticipation of dormant commerce clause attacks on his cases, proposed-amicus has long-prepared an opposition to allegations of dormant commerce clause attacks on his anti-spam claims, and has been "forced" to become an "expert" in this area of law.

**C. Proposed Amicus's *EverQuote* Case (Re: Art. III Standing)**

1) For the first two years of proposed-amicus's anti-spamming, he was one of South Dakota's "mailbox residents," one who has no home or apartment and travel constantly, living out of suitcases and staying in each foreign country for one month at a time. Indeed, South Dakota has tens of thousands of such residents, whose legal address on their drivers license is a South Dakotan Personal Mailbox (PMB) Address. After years of out-of-court success, proposed-amicus lost a

highly-consequential case on the issue of lack of standing, mainly that he was not a "resident of this state" for the purposes of South Dakota's spam law at SDCL § 37-24-41(14)(C). *Lapin v. EverQuote Inc.*, 4:22-CV-04058-KES, at *6-18 (D.S.D. Feb. 17, 2023). However, proposed-amicus disagreed with other portions of the opinion, and he appealed (still pro se) to the 8th circuit, arguing it err'd when finding he lacked *statutory* standing, and in the alternative, that the decision must be vacated because he lacked *Article III* standing. *Lapin v. Everquote,* No. 23-2184 (8th. Cir., appeal docketed 5/12/23). This was particularly true given the recent US Sup. Ct. decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). The 8th Circuit affirmed the district court without opinion in *Lapin v. EverQuote, Inc.*, No. 23-2184 (8th Cir. Mar. 14, 2024), and proposed-amicus now intends to petition the US Supreme Court for a writ of certiorari, arguing, *inter alia*, the 8th Circuit err'd in failing to apply Transunion, *supra,* to the facts of the case.

**D. Proposed Amicus Was Sued and Escaped For Want of Personal Jurisdiction in SDNY**

Midway through his worldly travels, non-attorney, pro se, proposed-amicus was sued by an alleged spammer named Flex Marketing Group LLC in the SDNY for declaratory relief that Flex was not liable to him for alleged violations of South Dakota's anti-spam law. See *Flex Mktg. Grp. v. Lapin,* 22 Civ. 6179 (AT) (GWG) (S.D.N.Y. filed July. 20, 2022). Flex was represented by the well-known, successful, defense attorney Derek Newman of Newman LLP. From coffee shops in Torronto, Costa Rica, and Copacabana (Rio de Janeiro) Brazil, proposed-amicus wrote a successful Fed. R. Civ. P. 12(b)(2)&(6) motion. A report & recommendation to dismiss the case against proposed-amicus for lack of personal jurisdiction was filed (*Id,* Dkt. 35) and plaintiff-Flex subsequently dismissed the suit. (*Id,* Dkt. 36); this solidified proposed-amicus's understanding of personal specific jurisdiction over non-resident defendants; this solidified his understanding of personal jurisdiction. Proposed-amicus is usually on the other side of this issue: arguing for jurisdiction against non-South Dakotan spammers in South Dakota courts, unless the case is filed in a spam-defendant's domicile.

**E. Lapin Successfully Argued Want of Subject Matter Jurisdiction (S.D.FL; E.D.PA)**

When the requirements of diversity jurisdiction (re: 28 U.S. Code § 1332) are clearly lacking , sometimes counsel in the anti-spam niche will argue that the *allegation* that Lapin's state-law

claims are preempted by the CAN-SPAM Act (See ¶(I)(B)(2)), confers Federal Question (re: 28 U.S. Code § 1331) jurisdiction. Twice in a row, proposed-amicus secured remand. First in *Lapin V Apptness Media Group LLC*, Civil Action No. 9:2021cv81616 (S.D Fla. 2021), *Dkt.* 12. Proposed-Amicus did it again in *Lapin v. Nutrisystem, Inc.*, Case No. 2:23-cv-01343 (E.D. Pa. 2023), Dkt. 26, and was honored when the Judge relied, in part, on Lapin v Apptness, *supra*, to reach the same conclusion in the then-instant case.

## F. Amicus Efforts

Having reached a point of great understanding in the consumer protection niche, proposed-amicus decided to give back, and positively influence the direction of caselaw surrounding the same; he started filing motions for leave to file amicus briefs in spam cases similar to his own around the country, free of charge, and helps anti-spam plaintiffs and their attorneys, to prevail on the issues that matter to the niche, including personal jurisdiction, [lack of] article III standing, remand from Federal Court, and strict liability of state spam-laws onto [alleged] spam "advertisers," whose spams were sent by a third party. Reference proposed-amicus's other [proposed] briefs at *Hodgell v. Andersen Corp et al*, No. 2:23-cv-001848-RAJ (W.D. Wash. Dec. 1, 2023), Dkt 22-23. See also *Brinton v. Aura Sub LLC*, No. 23-cv-06084 (W.D. Wash. Nov. 27, 2023), Dkt 10 & 18. While it has not occurred yet, once the appellee files its brief in the 9th circuit appeal Popa v. PSP Grp.,LLC, No. 24-14 (9th Cir.), proposed-amicus intends to file a similar motion for leave to file an amicus brief in support of defendant-appellee, as he shares their position that Article III standing is lacking in that similar consumer protection matter; this continues to be true even though proposed-amicus is generally a plaintiff, not defendant, in such consumer protection cases. Finally venturing outside the spam-niche, proposed-amicus sought leave to file such a brief in support his governor, Kristi Noem, in See *Travelers United v Kristi Noem*, No. 2024-CAB-001623 (D.C. Super. Ct. filed Mar. 18, 2024) 11/29/24 Prop. Am. Brief: Proposed-Amicus advising he believes the court lacks personal jurisdiction over his governor, Kristi Noem, and alternatively that the claims against her are barred by the dormant commerce clause (U.S. Const. Art. I, § 8, cl. 3.).

## II The *Instant* Suit Between Plaintiff Alexander Kestenbaum *et al* and Harvard

Meanwhile, this instant suit is brought by Alexander Kestenbaum, a graduate student at Harvard Divinity School. *FAC* ¶ 15, as well as a non-profit corporation Students Against Antisemitism, Inc "SAA" *Id*, ¶ 13, five anonymous members of SAA, *Id*, ¶ 16-20. Importantly, Kestenbaum is also a member of SAA. *Id*, ¶ 15, collectively "plaintiffs." Therein, Harvard stands accused of "refusing to enforce its own policies against antisemitism" *Id*, ¶5, failing to stop "mobs of pro-Hamas students...have marched by the hundreds through Harvard's campus, shouting vile antisemitic slogans and calling for death to Jews and Israel." *Id*, ¶1, that its "faculty members have...cancel[ed] classes so students can attend antisemitic rallies and harass and intimidate Jews without consequence." *Id*, ¶4. Meanwhile, Defendant Harvard seeks to dismiss the Title VI claims, in part, on the basis they lack Art. III standing to bring their claims in Federal Court. "[N]either Kestenbaum nor SAA can establish standing to seek prospective injunctive relief." *Harvard's Brief ISO MTD*, Dkt. 36, pg. 10, because, according to Harvard, "[Plaintiff's] do not plausibly establish an injury-in-fact because they are not "particularized" to these Plaintiffs," have not "[plead] a future injury to themselves, traceable to Harvard." *Id*. "[Kestenbaum's] claims for injunctive relief will become...moot...when he graduates next month and ceases to be a Harvard student, as there will be "simply 'no ongoing conduct to enjoin' presently affecting [him]." Notwithstanding the disruptions personally experienced by plaintiff's, Harvard maintains that the "past injur[ies]" Plaintiffs allege "cannot support standing to seek an injunction against future harm." Harvard further alleges plaintiff lack Art. III standing because they cannot show a "likelihood that the requested relief will redress the alleged injury." and characterize the relief as a "vastly overbroad injunction"(citations omitted) *Id*, pg. 15. Separately, Harvard contents SAA lacks Art. III standing because it "does not allege its own injury" Id, ¶16, and according to Defendants, "the application of the law to a series of different factual scenarios," and thus depend on "the particularized circumstances of each individual member." (citations omitted) *Id*, relying on

Supreme Court cases entertaining Art. III standing of associations, including *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977) and *Warth v. Seldin*, 422 U.S. 490, 515-516 (1975).

### III Non-attorney, Pro Se Joshua Lapin is an Appropriate Amicus Curiae

### A. Amici Can Assist District Courts in Resolving Issues Raised By The Parties

"The role of an amicus curiae, meaning 'friend of the court,' is to assist the court in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." (citations omitted) *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 14-cv-14176-ADB, at *21 (D. Mass. June 14, 2015). They help to "insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision" *Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n.1 (D.N.H. 2008).  In *United States v. Joseph*, No. 19-cr-10141-LTS (D. Mass. July 27, 2020), this court "considered the amicus briefs...insofar as they discuss...issues raised by [defendants] in their motions to dismiss" *Id*, at *3 n.2.  In *Tutein v. Daley*, 43 F. Supp. 2d 113, 131 (D. Mass. 1999), this court recognized the National Audubon Society's "familiarity with the statutory and regulatory framework" in this suit and invited it to file amicus briefs "at any point as this case proceeds to disposition."

### B. Proposed-Amicus Has Extensive Experience Filing Anti-Spam matters Concerning Statutory Damages Divorced From Real & Concrete Harm, which Often Implicates Art. III

"District courts may consider amicus briefs from non-parties "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court <u>beyond the help that the lawyers for the parties are able to provide.</u>" *Juarez v. Asher*, No. C20-0700JLR-MLP (W.D. Wash. June 11, 2020), quoting *Skokomish Indian Tribe v. Goldmark*, No. C13-5071JLR, 2013 WL 5720053, at *1 (W.D. Wash. Oct. 21, 2013).  See also *Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, NO: 2:16-CV-0293-TOR, at *15 (E.D. Wash. July 11, 2017), reviewing the same.  Proposed-Amicus also expresses his interests in the common legal issues between those of the instant case as well as his own cases in Section II herein, and "Amicus may be either impartial individuals or interested parties." *Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv.*, NO: 2:16-CV-0293-TOR, at *16 (E.D. Wash. July 11, 2017), quoting See *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986).  "Amicus briefs are "frequently welcome . . . concerning legal issues that

have potential ramifications beyond the parties directly involved[.]" Wagafe v. Biden, No. 17-CV-00094-LK, at *3 (W.D. Wash. Feb. 15, 2022), quoting N.G.V. Gaming, Ltd. v. Upstream Point Molate, L.L.C., 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005)."

**C. Amicus Need Not Be An attorney, Nor Represented By One**

While neither the District of Massachusett's local rules, nor the Federal Rules of Civil Procedure govern amici, this court will likely follow others that adopted the same from the Federal Rules of Appellate Procedure (See ¶IV(A)). Fed. R. App. P. 29 does not require that amici be an attorney. This contrasts sharply with the US Supreme Court's rules which govern the same, Sup. Ct. R. 37.1, which expressly forbid *pro se* amici. See also the U.S. Supreme Court's "Memorandum To Those Intending To File An Amicus Curiae Brief In The Supreme Court Of The United States," available at https://www.supremecourt.gov/casehand/AmicusGuide2019.pdf, ¶(3)(a), clarifiying R. 37.1 bans pro se amici. This is similar to the Supreme Court's rule Banning Pro Se Parties from oral argument in Sup. Ct. R. 28(8), whereas no equivalent rule exists in the United States District Court. The pro se, proposed-amicus is *not* [attempting to] represent any party to this action, and is not a party himself. "An amicus curiae is not a party to litigation." *Community Ass'n for Restor. v. DeRuyter Bros. Dairy,* 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999). This is further supported by the text of Fed. R. App. P. 29 itself. Fed. R. App. P. 29's "Committee Notes on Rules—1998 Amendment" cites to portions of Sup. Ct. R. 37(1) in Subdivision (b). But it does *not* incorporate 37(1)'s prohibition on pro se amicus into the instant Fed. R. App. P. 29, demonstrating that the committee was aware of the comparable U.S. Supreme Court rule, and elected not to incorporate that portion. "Where the statutory language is unambiguous, the court must refrain from adding to the statute words or clauses the legislature chose not to include." *Jack v. Borg-Warner Morse TEC, LLC,* No. C17-0537JLR, at *51 (W.D. Wash. Sep. 17, 2018), quoting *State v. Kintz,* 238 P.3d 470, 477 (Wash. 2010). "The Court cannot read into the statute that which the legislature omitted." *Wash. Cities Ins. Auth. v. Ironshore Indem., Inc.,* 443 F. Supp. 3d 1218, 1223 (W.D. Wash. 2020), quoting *Auto. Drivers & Demonstrators Union Local* No. 882 v. Dep't of Ret. Sys. , 92 Wash. 2d 415, 421, 598 P.2d 379 (1979). See also *Northwest Pipeline Corporation v.*

*Ross*, No. C05-1605RSL (W.D. Wash. Apr. 22, 2008), reviewing committee advisory notes to interpret Fed. R. Civ. P. 408. Fed. R. App. P. 29(2) "When Permitted" states that "...amicus curiae may file a brief only by leave of court " and makes no reference to counsel. However, "counsel" *does* appear later in the same rule, specifically in Fed. R. App. P. 29(4) "Contents and Form," subsections (i), (ii), and (iii). "[W]hen 'different words are used in the same statute, it is presumed that a different meaning was intended to attach to each word.' " *Oytan v. David–Oytan*, 288 P.3d 57, 67 n.6 (Wash. Ct. App. 2012) (citations omitted).

### IV This Court's Local Rules Do Not Address Amici; How Handled (Fed. R. App. P. 29)

A. The District of Massachusett's Local Rules do not address the situation of amicus curiae. Likewise, "the Federal Rules of Civil Procedure are silent as to the conditions under which a trial court should permit amicus appearances and the restrictions, if any, that should attend its appearance" *Alliance of Automobile Manufacturers v. Gwadowsky*, 297 F. Supp. 2d 305, 2 (D. Me. 2003)." District courts fill the gap by adopting Fed. R. App. P. 29. "Although not directly applicable to the trial court, appellate Rule 29(a) supplies, in the Court's view, an excellent analytic framework to evaluate the pending motions." *Portland Pipe Line Corp. v. City of Portland*, 2:15-cv-00054-JAW, at *13 (D. Me. Jan. 9, 2017). Nor is this practice limited to District Courts within the 1st circuit. "In the absence of local rules governing the role of amicus curiae, the court will adhere to the applicable rules found in the Federal Rules of Appellate Procedure." *Microsoft Corp. v. U.S. Dep't of Justice*, No. C16-0538JLR, at *21 (W.D. Wash. Aug. 29, 2016). Accordingly, this court should adopt Fed. R. App. P. 29 for the purposes of this case, to govern amicus's partication.

### V Conclusion

Proposed-Amicus Joshua Lapin should be granted leave to file the attached Proposed Amicus Brief.

/s/ Joshua A. Lapin
Joshua A Lapin
Pro Se Proposed-Amicus 5/06/24

05 / 06 / 2024

Joshua A Lapin