IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER KESTENBAUM and STUDIES AGAINST ANTISEMITISM, INC., <br><br>            Plaintiffs, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br>            Defendant. | Case No. 1:24-cv-10092-RGS |
| THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW and JEWISH AMERICANS FOR FAIRNESS IN EDUCATION, <br><br>            Plaintiffs, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br>            Defendant. | Case No. 1:24-cv-11354-RGS |

**DEFENDANT'S ASSENTED TO MOTION FOR CONSOLIDATION**

Pursuant to Federal Rule of Civil Procedure 42(a)(2) and Local Rule 40.1(k), Defendant President and Fellows of Harvard College ("Harvard") respectfully moves to consolidate for all pretrial purposes *Kestenbaum v. President and Fellows of Harvard College*, No. 1:24-cv-10092-RGS, and *The Louis D. Brandeis Center for Human Rights Under Law v. President and Fellows of Harvard College*, No. 1:24-cv-11354-RGS.  In the event this Motion is granted, Harvard further requests that the Court set for joint hearing Harvard's forthcoming motions to dismiss in both cases.  Undersigned counsel conferred in good faith with counsel for the Plaintiffs in both

1

the *Kestenbaum* and *Brandeis Center* cases, and counsel for Plaintiffs in both cases consented. In support of this Motion, Harvard states as follows:

## BACKGROUND

On January 10, 2024, Alexander Kestenbaum and Students Against Antisemitism, Inc. (the "*Kestenbaum* Plaintiffs") filed the original Complaint in this action in the U.S. District Court for the District of Massachusetts. Dkt. 1. On March 29, 2024, the Kestenbaum Plaintiffs filed a First Amended Complaint. Dkt. 32. Harvard filed a combined Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint on April 12, 2024. Dkt. 35. After briefing on Harvard's motion was complete, on May 22, 2024, the *Kestenbaum* Plaintiffs moved for leave to file a Second Amended Complaint. Dkt. 54. The Court granted the *Kestenbaum* Plaintiffs' motion, set a briefing schedule on Harvard's motion to dismiss the Second Amended Complaint, and set Harvard's forthcoming motion for hearing on July 9, 2024. Dkt. 60. On June 4, 2024, the *Kestenbaum* Plaintiffs moved to continue the July 9 hearing due to scheduling conflicts, and on June 5, 2024, the Court rescheduled the hearing for July 24. Dkt. 65.

On May 22, 2024, The Louis D. Brandeis Center, Inc. and Jewish Americans for Fairness in Education (the "*Brandeis Center* Plaintiffs") also filed a complaint against Harvard in this Court. *Brandeis Center*, No. 1:24-cv-11354-RGS, Dkt. 1. The *Brandeis Center* Plaintiffs marked the case as related to *Kestenbaum* and the *Brandeis Center* case was also assigned to this Court. *See Brandeis Center*, No. 1:24-cv-11354-RGS, Dkts. 1, 7.

## ARGUMENT

The *Kestenbaum* and *Brandeis Center* actions should be consolidated because they assert similar claims based on many of the same factual allegations against the same defendant. District courts may consolidate actions, like these, "involving a common question of law or fact [that] are pending before the court." Fed. R. Civ. P. 42(a)(2). Under this Rule, the district

2

court's "ability to consolidate cases for …limited purposes," including "motions practice or discovery," is "undisputed." *Hall v. Hall*, 584 U.S. 59, 74 (2018).

The "threshold legal issue" under Rule 42(a) "is whether the two proceedings involve a common party and common issues of fact or law." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). That standard unquestionably is met here. The *Kestenbaum* and *Brandeis Center* actions are each brought against a single common defendant (Harvard). Both allege intentional discrimination against Jewish students in violation of Title VI, asserting a discriminatory double-standard and deliberate indifference to a hostile educational environment. *Compare Kestenbaum*, No. 1:24-cv-10092-RGS, Dkt. 63 ¶¶ 312-328, *with Brandeis Center*, No. 1:24-cv-11354-RGS, Dkt. 1 ¶¶ 209-234. The two actions also share significant factual overlap, as many of the allegations in *Brandeis Center* are asserted as bases for Title VI liability in *Kestenbaum*, as well. *Compare, e.g.*, *Kestenbaum* No. 1:24-cv-10092-RGS, Dkt. 63 ¶¶ 91-94 (allegations about an individual professor at one of Harvard's graduate schools); ¶¶ 100-110 (allegations about statements by Harvard administrators after October 7); ¶¶ 114-115 (allegations about specific event on Harvard's campus on October 18, 2023), *with Brandeis Center*, No. 1:24-cv-11354-RGS, Dkt. 1 ¶¶ 37-80 (allegations about the same individual professor at one of Harvard's graduate schools); ¶¶ 82-92 (allegations about statements by Harvard administrators after October 7); ¶¶ 111-125 (allegations about the same specific event on Harvard's campus on October 18, 2023).

Where, as here, the threshold commonality showing is made, the district court weighs the benefits and costs of consolidation, including "the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense, and 'any confusion, delay or prejudice that might result from consolidation." *Tingley Sys., Inc. v. CSC Consult., Inc.*, 152 F.

3

Supp. 2d 95, 102 (D. Mass. 2001). "Ordinarily, a motion for consolidation will be granted 'unless the party opposing it can show demonstrable prejudice.'" *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328 (D. Mass. 2005) (quoting *Seguro de Servicio*, 878 F.2d at 8). The benefits of consolidation for pretrial purposes weigh heavily in favor of consolidation in this instance. Both cases are in their earliest stages, meaning consolidation will allow the Court to "coordinate the pretrial briefing schedule" and "address any disputes that may arise in both cases in a single hearing," thus "substantially reduc[ing] the judicial time and resources required to manage" both actions *Id.* at 341. Consolidation will also "be more cost effective and less time consuming for the parties" if the cases proceed to discovery because it will eliminate duplicative discovery requests and depositions. *Id.* By contrast, neither the *Brandeis Center* Plaintiffs nor the *Kestenbaum* Plaintiffs would be prejudiced by consolidation of these cases for pretrial purposes. The *Kestenbaum* Plaintiffs have themselves made repeated requests for this Court to defer its consideration of Harvard's motion to dismiss their complaint, and so will not be prejudiced by any modest delay resulting from the consolidation of these cases for pretrial purposes.

    WHEREFORE, Harvard respectfully requests that the Court grant its motion and consolidate these cases for all pretrial purposes.

DATED: June 10, 2024

                                         Respectfully Submitted,

                                         PRESIDENT AND FELLOWS OF HARVARD COLLEGE

                                         By its attorneys,

                                         */s/ Felicia H. Ellsworth*

| | |
|---|---|
| Mark A. Kirsch (*pro hac vice*)<br>Gina Merrill (*pro hac vice*)<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>34th Floor<br>New York, NY 10036<br>mkirsch@kslaw.com<br>gmerrill@kslaw.com<br>Tel: (212) 790-5329<br>Fax: (212) 556-2222<br><br>Zachary Fardon (*pro hac vice*)<br>KING & SPALDING LLP<br>110 N. Wacker Drive<br>Suite 3800<br>Chicago, IL 60606<br>zfardon@kslaw.com<br>Tel: (312) 764-6960<br>Fax: (312) 995-6330<br><br>Zoe M. Beiner (*pro hac vice*)<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue NW<br>Suite 900<br>Washington, DC 20006<br>zbeiner@kslaw.com<br>Tel: (202) 626-5575<br>Fax: (202) 626-3737 | Felicia H. Ellsworth, BBO #665232<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>Tel:  (617) 526-6000<br>Fax: (617) 526-5000<br>felicia.ellsworth@wilmerhale.com<br><br>Seth P. Waxman (*pro hac vice*)<br>Bruce M. Berman (*pro hac vice*)<br>Jeremy W. Brinster (*pro hac vice*)<br>WILMER CUTLER PICKERING<br>   HALE AND DORR LLP<br>2100 Pennsylvania Avenue NW<br>Washington, DC 20037<br>Tel:  (202) 663-6000<br>Fax: (202) 663-6363<br>seth.waxman@wilmerhale.com<br>bruce.berman@wilmerhale.com<br>jeremy.brinster@wilmerhale.com |

## **LOCAL RULE 7.1 CERTIFICATION**

In accordance with Local Rule 7.1(a), the undersigned hereby certifies that counsel for Harvard conferred with counsel for Plaintiffs in a good faith attempt to resolve or narrow the issues involved in this motion. Counsel for the *Brandeis Center* Plaintiffs consented on June 5, 2024 and counsel for the *Kestenbaum* Plaintiffs consented on June 10, 2024.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2024, I caused this document to be filed through the CM/ECF system, where it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth