# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALEXANDER KESTENBAUM and STUDENTS AGAINST ANTISEMITISM, INC., | Case No. 1:24-cv-10092-RGS |
|                  Plaintiffs, | |
| v. | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
|                  Defendant. | |

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW and JEWISH AMERICANS FOR FAIRNESS IN EDUCATION, | Case No. 1:24-cv-11354-RGS |
|                  Plaintiffs, | |
| v. | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
|                  Defendant. | |

## DEFENDANT PRESIDENT AND FELLOWS OF HARVARD COLLEGE'S FIRST REQUESTS FOR PRODUCTION TO PLAINTIFFS ALEXANDER KESTENBAUM, STUDENTS AGAINST ANTISEMITISM, INC., THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW, AND JEWISH AMERICANS FOR <u>FAIRNESS IN EDUCATION</u>

On November 6, 2024, the above-referenced matters were joined for discovery purposes. *See Kestenbaum v. President & Fellows of Harvard Coll.*, 1:24-cv-10092-RGS (D. Mass. Nov. 6, 2024), Dkt. 101; *The Louis D. Brandeis Ctr. v. President & Fellows of Harvard Coll.*, 1:24-cv-11354-RGS (D. Mass. Nov. 6, 2024), Dkt. 75. Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant President and Fellows of Harvard College ("Defendant"), by and through its undersigned counsel, requests that Plaintiffs Alexander Kestenbaum ("Kestenbaum"), Students Against Antisemitism, Inc. ("SAA"), The Louis D.

Brandeis Center For Human Rights Under Law ("Brandeis Center"), and Jewish Americans For Fairness In Education ("JAFE") (collectively, "Plaintiffs") produce the Documents, Communications, and Things described herein for discovery and inspection (the "Requests," and each a "Request") within thirty (30) days of service of these Requests at the offices of Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109, or at such other time and place as may be mutually agreed upon by the parties.

### DEFINITIONS

Unless otherwise defined, all words and phrases herein shall be interpreted in their common, ordinary sense, as well as the meanings ascribed to them under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts. Should You not understand the meaning of any term, it is requested that You immediately seek clarification through the undersigned. As used in these Requests, the words set forth below shall be defined as follows:

1.    "Action(s)" or "Litigation(s)" mean the civil actions captioned *Kestenbaum v. President and Fellows of Harvard College*, 1:24-cv-10092-RGS (D. Mass.) and *The Louis D. Brandeis Center for Human Rights Under Law v. President and Fellows of Harvard College*, 1:24-cv-11354-RGS (D. Mass.).

2.    The terms "and" and "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

3.    "Any," "each," and "all" shall be construed to mean both any and all.

4.    "Brandeis Center" means The Louis D. Brandeis Center for Human Rights Under Law, and any and all predecessors, successors, divisions, subsidiaries, subcontractors, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, principals, agents, attorneys,

representatives, consultants, members, and all persons acting or purporting to act or that have acted or purported to act on behalf of any of the foregoing.

5.     "Brandeis Center Complaint" means the Complaint in *The Louis D. Brandeis Center for Human Rights Under Law v. President and Fellows of Harvard College*, 1:24-cv-11354-RGS (D. Mass. May 22, 2024), Dkt. 1, as well as any prior version, supplement thereto, or amended version thereof.

6.     "Communication" means any contact, oral or written, whereby information of any nature is transmitted or transferred by one or more persons and/or between two or more persons by means including, without limitation, telephone conversations, letters, telegrams, email, text messages, social media posts (*e.g.*, on Twitter, X, Facebook, Snapchat, Instagram, TikTok), social media direct messages (*e.g.*, through Sidechat, Facebook Messenger, Instagram Direct Messenger, Twitter/X direct messages), other group or direct messages (*e.g.*, through Sidechat, Facebook Groups, WhatsApp, WeChat, Signal, Telegram), written memoranda, face-to-face conversations, and persons seeing or hearing any information by any means and any document memorializing or referring to the contact.

7.     "Concerning" includes constituting, containing, dealing with, describing, discussing, embodying, evidencing, mentioning, pertaining to, referring to, reflecting, regarding, relating to, showing, or summarizing, in any way or manner, or in any way logically or factually connecting with the matter described in the paragraph of these demands, including Documents attached to or used in the preparation of or concerning the preparation for other Documents.

8.     "Defendant" or "Harvard" means President and Fellows of Harvard College and its officers, directors, partners, corporate parent, subsidiaries, affiliates, and all past and present faculty, fellows, and employees.

9. "Document" or "Documents" is used in the broadest sense permissible under the applicable rules and orders and includes each and every written, recorded, or graphic matter of any kind, type, nature, or description that is or has been in Your possession, custody, or control, regardless of the medium on which they are produced, reproduced, or stored, including but not limited to, computer files, computer databases, computer printouts, correspondence, electronic mail, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, drafts of Documents, exhibits, work papers, schedules, forms, audits, charts, plans, articles, specifications, diaries, letters, telegraphs, photographs, minutes, contracts, agreements, reports, surveys, data compilations of any kind, facsimiles, invoices, checks, statements, receipts, summaries, books, ledgers, and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence. Any document bearing marks, including initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof, is a separate Document.

10. "Entity" means corporation, company, firm, partnership, joint venture, association, governmental body, or agency, or person other than a natural person.

11. "Identified Brandeis Center Members" means Member #1, Member #2, Member #3, Member #4, Member #5, both collectively and individually, as described in the Brandeis Center Complaint.

12. "Identified SAA Members" means Mr. Kestenbaum, SAA Member #1, SAA Member #2, SAA Member #3, SAA Member #4, SAA Member #5, both collectively and individually, as described in the Kestenbaum Complaint.

13. The terms "including," "includes," and "include" shall be construed to mean those terms, in each case, without limitation. Under no circumstance may the use of "including" in any Request be construed to limit the scope of the Request.

14.    "JAFE" means Jewish Americans For Fairness In Education, and any and all predecessors, successors, divisions, subsidiaries, subcontractors, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, principals, agents, attorneys, representatives, consultants, members, and all persons acting or purporting to act or that have acted or purported to act on behalf of any of the foregoing.

15.    "Kestenbaum" means Plaintiff Alexander ("Shabbos") Kestenbaum, and any and all principals, agents, attorneys, representatives, consultants, and all persons acting or purporting to act or that have acted or purported to act on behalf of Mr. Kestenbaum.

16.    "Kestenbaum Complaint" means the Second Amended Complaint in *Kestenbaum v. President and Fellows of Harvard College*, 1:24-cv-10092-RGS (D. Mass. May 28, 2024), Dkt. No. 63, as well as any prior version, supplement thereto, or amended version thereof.

17.    "Plaintiff(s)," "You," "Your," and "Yours" each means and refers to Plaintiff Kestenbaum, Plaintiff SAA, Plaintiff Brandeis Center, and Plaintiff JAFE, as defined herein, collectively and individually.

18.    "Produce" means to provide legible, complete, and exact copies or responsive Documents to the undersigned counsel, or to make such Documents available to the undersigned counsel for inspection and reproduction.

19.    "SAA" means Students Against Antisemitism, Inc., and any and all predecessors, successors, divisions, subsidiaries, subcontractors, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all past or present officers, directors, employees, principals, agents, attorneys, representatives, consultants, members, and all persons acting or purporting to act or that have acted or purported to act on behalf of any of the foregoing.

20. "Student(s)" means all current and former students of Harvard University, including undergraduate and graduate students, from any of Harvard's Schools.

21. "Tangible Thing" or "Thing(s)" has the broadest possible meaning permitted by Federal Rules of Civil Procedure 26 and 34 and includes any physical specimen or other tangible item other than a Document in Your possession, custody, or control.

22. The use of the singular form of any word includes the plural, and the use of the plural form of any word includes the singular.

23. Each gender of any word includes the other genders.

24. The use of any tense of any verb shall be considered to include within its meaning all of the tenses of the verb so used.

25. The use of any definition for the purposes of these Requests shall not be deemed to constitute an agreement or acknowledgment on the part of the Defendant that such definition is accurate, meaningful, or appropriate for any other purpose in this Litigation.

26. To the extent these Requests employ terms used in the Kestenbaum Complaint or Brandeis Center Complaint, such use is without prejudice to the rights of Harvard.

27. References to particular "Paragraphs" refer to the corresponding numbered paragraphs of the Kestenbaum Complaint or the Brandeis Center Complaint, depending on which complaint is identified therein.

## **INSTRUCTIONS**

1. Each Request shall be responded to in accordance with the Instructions herein and all applicable rules and orders.

2. Each Request is to be read, construed, and responded to separately and independently without reference to, or being limited by, any other Request.

3.      These Requests should be construed to require responses based upon the knowledge of, and information available to, the responding party as well as its agents and representatives.

4.      The Requests are continuing in nature so as to require supplemental answers to be served in a timely manner if further or different information is obtained with respect to any Request, in accordance with Federal Rule of Civil Procedure 26(e).

5.      In answering these Requests, if You claim any ambiguity in interpreting a Request, or any Definition or Instruction, that claim shall not be used as a basis for refusing to respond.  Set forth, as part of Your response, the language You consider to be ambiguous, and the interpretation chosen or used in responding to the Request.

6.      In answering and responding to these Requests, You shall furnish such information and/or Documents in Your possession, custody, or control, including information that is in the actual or constructive possession, custody, or control of Your (subject to any otherwise applicable privileges) attorneys, accountants, representatives, consultants, agents, employees, or anyone else acting on Your behalf that exist either in hard-copy files, whether centrally or individually maintained, or in electronic form, whether maintained on Your servers, cloud services, or individually maintained on organization-owned, employee-owned, or member-owned personal computers, laptop computers, tablets, mobile phones, or other computing devices of all individuals in whose files You search for responsive Documents.  You are to Produce entire Documents, including attachments, enclosures, cover letters, memoranda, schedules, exhibits, and appendices.

7.      If You object to any part of a Request, identify the portion to which You object, set forth the basis for Your objection and respond to all parts of the Request to which You do not object.  For example, if You object to a Request on the grounds that it is too broad insofar

as it covers time periods that You contend are not relevant to this Action, You should respond as to all time periods that You contend are relevant.

8.    If You cannot fully respond to a Request after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each Request that cannot be responded to fully and completely.

9.    In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the Request cannot be answered fully and completely, and state what knowledge, information, or belief You have concerning the unanswered portion of any such Request.

10.    If a claim of privilege is asserted with respect to any Request, in whole or in part, or You refuse to answer any Request on any other ground, specify the exact basis for Your claim that such Request need not be answered, and do so with sufficient specificity to permit the Court to determine the validity of Your objection or position.  You shall Produce all non-privileged portions of responsive Documents with privileged material redacted.

11.    Where a claim of privilege is asserted in objecting to any Request or sub-part thereof, or any Document is withheld on the basis of such assertion, (a) You shall identify the nature of the privilege (including work product) that is being claimed; and (b) the following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information: (i) the type of Document; (ii) the author of the Document; (iii) any addressee of the Document, including, where not apparent, the relationship of the author and addressee to each other; (iv) the general subject matter of the Document; (v) the date of the Document; (vi) the identity of any enclosure(s) or attachment(s); and (vii) such other information as is sufficient to identify the Document in a manner that will enable Defendant and the Court to assess the applicability of the privilege claimed.

12.    If there are no Documents responsive to a particular Request in Your possession, custody, or control, provide a written response stating that no responsive Documents exist.

13.    Documents should be produced either (a) as they are kept in the usual course of business, complete with the original file folders, binders, or other containers in which they are stored (or legible copies of the labels from those folders, binders, or containers), and should be stapled, clipped, or otherwise unitized as they are kept in the usual course of business, or (b) organized according to the Request or Requests to which they are responsive.  If You elect the latter mode of production, identify the Request in response to which the Document is being produced.  Each Document or set of Documents from a particular file, binder, or other container should be accompanied by a legible copy of the label from that container or some other reliable indicator of the file from which it was taken, and Documents should be stapled, clipped, or otherwise unitized as they are kept in the usual course of business.

14.    In the event that any requested Document has been destroyed, lost, discarded, or is otherwise not capable of being produced at the time that Documents are produced pursuant to these Requests: identify any such Document, the nature of the Document, and the date of the Document; provide a brief description of the subject matter of the Document; state whether the Document is missing or lost, has been destroyed, has been transferred voluntarily or involuntarily to others, or has been otherwise disposed of; identify the Person who previously or currently has possession, control, or custody of the Document; indicate the Request(s) to which such Document is responsive; and set forth the circumstances under which the Document was destroyed or discarded, including the date or approximate date, or an explanation of why the Document is not capable of being produced.  For the avoidance of doubt, this includes a circumstance where a responsive document or Communication was generated, created, or produced intentionally in a manner that resulted in its subsequent destruction (*e.g.*, through the use of Signal, Snapchat, or other encrypted and/or auto-deleting messaging services or

features).  In such a circumstance, also state the circumstances that rendered the use of such modes of Communication appropriate in light of the previously described circumstances.

15.    If You object to any Request on the grounds that it is overbroad or unduly burdensome for any reason, respond to that Request as narrowed to the least extent necessary, in Your judgment, to render it not overbroad/unduly burdensome and state specifically how You have narrowed that Request for purposes of Your response and the factual basis for Your conclusion.

16.    In producing Documents, Produce the originals if the originals differ in any respect from copies.  Documents that are in paper form or that constitute other physical objects from which recorded information may be visually read, as well as audio or video tapes and similar recordings, must be produced in their original form or in copies that are exact duplicates of the originals.  Computer files and similar electronic records must be produced in a readable form mutually agreed upon by the parties.  Each document is to be produced along with all prior and subsequent versions and all nonidentical drafts thereof in their entirety.  In the event that multiple copies of a document exist, Produce every copy on which appear any notations or markings of any sort not appearing on any other copy.  Where a document exists in hard copy and electronic format, You shall Produce both the hard and the electronic copy.

17.    These Requests seek all responsive Documents in their original language and, if such original language is not English, these Requests also seek all English-language translations that may exist for any such Documents.

18.    All Documents produced in response to these Requests should be Bates-stamped or otherwise marked in sequential order.

19.    Unless otherwise indicated, the applicable time frame for the Requests is from January 1, 2021, to the present.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1**

All Documents and Communications Concerning the formation, purpose, ownership, control, funding, financial backing or support, corporate form, management, organizational structure, or business structure of SAA, Brandeis Center, and JAFE during the time period covered by these Requests, and of any parents, affiliates, or other related entities, including, but not limited to, all legal and beneficial owners, partners, members (current, former, and, as alleged in Paragraph 20 of the Kestenbaum Complaint, "prospective"), trustees, beneficiaries, officers, directors, managers, outside advisers, shareholders, agents, and any other person or entity having an interest in the foregoing.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications between or among (a) Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members and (b) any Harvard administrator, dean, faculty, fellow, employee (both current and former), or affiliate, including current or former members of the Presidential Task Force for Combatting Antisemitism and Anti-Israeli Bias and the Antisemitism Advisory Group, Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications between or among Kestenbaum, SAA, and/or Identified SAA Members Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications between or among Brandeis Center, JAFE, and/or Identified Brandeis Center Members Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications between or among (a) Kestenbaum, SAA, or Identified SAA Members and (b) Brandeis Center, JAFE, or Identified Brandeis Center Members Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications between or among (a) Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members and (b) any public official or candidate for public office—local, state, federal, or foreign—including, but not limited to, law enforcement officers, elected officials, appointed officials, government staff members or employees, governmental entities, congressional committees (including, but not limited to, the U.S. House of Representatives Committee on Education and the Workforce, Committee on the Judiciary, and Committee on Ways and Means), the U.S. Department of Education, or other regulators, Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications between or among (a) Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members and (b) any Harvard Student Concerning

any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications between or among (a) Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members and (b) any media outlets, political organizations or campaigns, advocacy organizations, or non-profit organizations Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications reflecting or Concerning any public or private social media posts, videos, stories, messages, or chats—including social media posts by Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members, or posts by others that Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members forwarded to anyone—Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct, including, but not limited to, as alleged in the Kestenbaum Complaint, Paragraphs 73, 80, 84, 101, 114, 128, 143, 147, 159, 201-02, 205-06, 209-10, 212, 217, 221-22, 226-27, 235, 240, 245, 250, 252-53, 294, and the Brandeis Center Complaint, Paragraphs 102, 126-31, 136, 162.

**REQUEST FOR PRODUCTION NO. 10**

All Twitter/X posts published or caused to be published by Kestenbaum, including, but not limited to, all posts made under the username @ShabbosK.

**REQUEST FOR PRODUCTION NO. 11**

All communications in "the Harvard Pro-Israel WhatsApp group." *See* https://x.com/ShabbosK/status/1852116467195445672.

**REQUEST FOR PRODUCTION NO. 12**

All Documents, Communications, and Things Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, including protests, vigils, marches, or other "mass disturbances," or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct, including, but not limited to:

  a.  The October 19, 2023 march through campus, including Harvard Law's Caspersen Student Center, as alleged in the Kestenbaum Complaint, Paragraphs 116-17;

  b.  The October 20, 2023 "global strike for Palestine," as alleged in the Kestenbaum Complaint, Paragraph 121;

  c.  The October 27, 2023 "die-in" protest during Family Weekend, as alleged in the Kestenbaum Complaint, Paragraph 122;

  d.  The November 16-17, 2023 occupation of University Hall, as alleged in the Kestenbaum Complaint, Paragraph 138;

  e.  The "annual boycott campaign against Israel Trek" by Harvard PSC, as alleged in the Kestenbaum Complaint, Paragraph 86;

  f.  The April and May 2024 protest encampment in Harvard Yard, including as alleged in the Kestenbaum Complaint, Paragraphs 251, 254-56, 258, 261, 265, 271-72;

  g.  Any vandalism, including as alleged in the Kestenbaum Complaint, Paragraphs 131-32, 195-96, 212, 224-25, and in the Brandeis Center Complaint, Paragraph 7;

    h.    Any messages or posts on Sidechat, WhatsApp or Harvard message boards, including as alleged in the Kestenbaum Complaint, Paragraphs 74, 148-50, and in the Brandeis Center Complaint, Paragraphs 7, 93-101;

    i.    Any speakers, lecturers, or presenters hosted by Harvard, whether in person or virtually, including as alleged in the Kestenbaum Complaint, Paragraphs 72, 76, 147, 198, 205, 210, 233, 277, and in the Brandeis Center Complaint, Paragraphs 103-05; and

    j.    Any antisemitic or anti-Israel events held by "unrecognized student groups," including as alleged in the Kestenbaum Complaint, Paragraphs 61, 100, 139, 141, 146, 211, 219, 230-31, 236, 244.

**REQUEST FOR PRODUCTION NO. 13**

All Documents, Communications, and Things Concerning the October 18, 2023 "die-in" or related complaints, investigations, or prosecutions, including as alleged in the Brandeis Center Complaint, Paragraphs 10-11, 110-32, and in the Kestenbaum Complaint, Paragraphs 114-15, 144-61.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications Concerning Professor Marshall Ganz, the "Organizing: People, Power, Change" course, or the subsequent independent investigation by Kurker Paget, including as alleged in the Brandeis Center Complaint, Paragraphs 37-80, and in the Kestenbaum Complaint, Paragraphs 91-94, 139-43.

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications Concerning Identified Brandeis Center Member #5's allegations Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on

Harvard premises or not, or Harvard's response to such statements, acts, or conduct, including as alleged in the Brandeis Center Complaint, Paragraphs 133-38, 162.

**REQUEST FOR PRODUCTION NO. 16**

All Documents, Communications, and Things Concerning complaints Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members made to Harvard (including, but not limited to, any complaints Plaintiffs, Identified SAA Members, or Identified Brandeis Center Member filed formally with Harvard pursuant to an established policy, including under Harvard's Non-Discrimination and Anti-Bullying Policies) Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, including protests, vigils, marches, or other "mass disturbances," or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct, including, but not limited to, the events referenced in Request Nos. 12-15.

**REQUEST FOR PRODUCTION NO. 17**

All Documents and Communications Concerning Kestenbaum and SAA's allegations that "Harvard regularly disciplines faculty members who appear to support discrimination or harassment against groups other than Jews" (Kestenbaum Complaint, Paragraph 289), but "Harvard does nothing to protect Jews in response to complaints concerning its faculty" (Kestenbaum Complaint, Paragraph 294), including as alleged in the Kestenbaum Complaint, Paragraphs 289, 294.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications Concerning Kestenbaum and SAA's allegations that Harvard College has implemented admissions policies that "have severely reduced" the percentage of Jewish Students at Harvard, including as alleged in the Kestenbaum Complaint, Paragraph 14.

**REQUEST FOR PRODUCTION NO. 19**

All Documents and Communications Concerning an alleged antisemitic or anti-Israel double standard at Harvard, including as alleged in the Kestenbaum Complaint, Paragraph 285, and in the Brandeis Center Complaint, Paragraph 163.

**REQUEST FOR PRODUCTION NO. 20**

All Documents and Communications Concerning Brandeis Center and JAFE's allegations that "Harvard has engaged in delay tactics in an effort to sweep the [October 18] incident under the rug without punishing the attackers" or that "Harvard staff and employees assisted the attorney of the two perpetrators in delaying the date of the clerk's hearing by a significant amount of time, thereby ensuring that the [October 18] matter likely would not be resolved before the end of the school year," including as alleged in the Brandeis Center Complaint, Paragraphs 147, 158.

**REQUEST FOR PRODUCTION NO. 21**

All Documents, Communications, and Things Concerning or identifying the location or whereabouts of Kestenbaum, Identified SAA Members, or Identified Brandeis Center Members during any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not.

**REQUEST FOR PRODUCTION NO. 22**

All Documents and Communications Concerning any payments, gifts, or other forms of compensation, or offers of the same, received by Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members for participation in events, media appearances, published articles, speeches, actions, rallies, conventions, fundraisers, other public appearances, or any other activity Concerning Harvard or alleged antisemitic or anti-Israel statements, acts or conduct.

**REQUEST FOR PRODUCTION NO. 23**

All Documents, Communications, or Things Concerning alleged damages Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members have sustained, including those alleged in the Kestenbaum Complaint, Paragraphs 299-311, 325, 334, 337, or in the Brandeis Center Complaint, Paragraphs 166-72, and any alleged impact on You of any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct, including any alleged deprivations of educational opportunities experienced by Plaintiffs' members, including, but not limited to, Kestenbaum, Identified SAA Members, or Identified Brandeis Center Members.

**REQUEST FOR PRODUCTION NO. 24**

All Documents or Communications Concerning the timing, onset, exacerbation, or otherwise pre-existing nature of alleged damages Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members have sustained, including, but not limited to, those alleged in the Kestenbaum Complaint, Paragraphs 299-311, 325, 334, 337, or in the Brandeis Center Complaint, Paragraphs 166-72, 233-34.

**REQUEST FOR PRODUCTION NO. 25**

All Documents or Communications Concerning any education-related tuition, fees, or other expenses Kestenbaum, Identified SAA Members, or Identified Brandeis Center Members paid to Harvard.

**REQUEST FOR PRODUCTION NO. 26**

All Documents and Communications Concerning any efforts by Plaintiffs, Identified SAA Members, or Identified Brandeis Center Members to identify, publicize, or disclose the identity, image, personal information, professional information (including email address or phone number), or academic information of any Harvard Student, administrator, dean, faculty, fellow, employee (both current and former), or affiliate, or any group of such

-18-

individuals, including, but not limited to, Communications with individuals or organizations that engage in such activities, such as the Twitter account @StopAntisemitism and the website canarymission.org.

**REQUEST FOR PRODUCTION NO. 27**

All Documents and Communications Concerning the Harvard Law School student government Zoom meeting on or around March 29, 2024.

**REQUEST FOR PRODUCTION NO. 28**

All Documents and Communications Concerning Kestenbaum's July 17, 2024, appearance at the Republican National Convention in Milwaukee, Wisconsin.

**REQUEST FOR PRODUCTION NO. 29**

All Documents and Communications between Kestenbaum and the Trump Vance 2024 Presidential Campaign, including any employees, volunteers, or other representatives thereof.

**REQUEST FOR PRODUCTION NO. 30**

All Documents produced or made available to You by any non-party or third party Concerning any alleged antisemitic or anti-Israel statements, acts, or conduct at Harvard, or which You attribute to Harvard or Harvard Students, whether occurring on Harvard premises or not, or Harvard's response to such statements, acts, or conduct.

**REQUEST FOR PRODUCTION NO. 31**

All Documents, Communications, and Things reviewed, referred to, used, or relied upon by You in the preparation of the Kestenbaum Complaint, Brandeis Center Complaint, or any other pleading or submission in this Litigation, including any prior, subsequent, or amended version thereof.

**REQUEST FOR PRODUCTION NO. 32**

All Documents, Communications, and Things that You intend to rely on in support of the claims in this Action.

Dated: December 27, 2024

Respectfully Submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By its attorneys,

/s/ Felicia H. Ellsworth

Mark A. Kirsch (*pro hac vice*)
Gina Merrill (*pro hac vice*)
KING & SPALDING LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036
mkirsch@kslaw.com
gmerrill@kslaw.com
Tel: (212) 790-5329
Fax: (212) 556-2222

Felicia H. Ellsworth, BBO #665232
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel:  (617) 526-6000
Fax: (617) 526-5000
felicia.ellsworth@wilmerhale.com

Zachary Fardon (*pro hac vice*)
KING & SPALDING LLP
110 N. Wacker Drive
Suite 3800
Chicago, IL 60606
zfardon@kslaw.com
Tel: (312) 764-6960
Fax: (312) 995-6330

Seth P. Waxman (*pro hac vice*)
Bruce M. Berman (*pro hac vice*)
Jeremy W. Brinster (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Tel:  (202) 663-6000
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
bruce.berman@wilmerhale.com
jeremy.brinster@wilmerhale.com

Zoe M. Beiner (*pro hac vice*)
KING & SPALDING LLP
1700 Pennsylvania Avenue NW
Suite 900
Washington, DC 20006
zbeiner@kslaw.com
Tel: (202) 626-5575
Fax: (202) 626-3737

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2024, the foregoing document, entitled "Defendant President And Fellows Of Harvard College's First Requests For Production To Plaintiffs Alexander Kestenbaum, Students Against Antisemitism, Inc., The Louis D. Brandeis Center For Human Rights Under Law, And Jewish Americans For Fairness In Education," was served in accordance with the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the District of Massachusetts upon the attorneys for the Plaintiffs in the above-entitled actions by electronic mail.

Dated:          December 27, 2024
                Boston, MA

By: */s/ Felicia H. Ellsworth*