IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER KESTENBAUM, JOHN DOE #1, and JOHN DOE #2,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Defendant. | Case No. 1:24-cv-10092-RGS |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL UNREDACTED DECLARATIONS OF JOHN DOE #1 AND JOHN DOE #2**

Pursuant to Local Rule 7.2, Plaintiffs Alexander Shabbos Kestenbaum ("Kestenbaum"), John Doe #1, and John Doe #2 (collectively, "Plaintiffs"), respectfully move this Court for leave to file under seal the unredacted versions of the Declarations of John Doe #1 and John Doe #2 in support of Plaintiffs' Motion to Proceed Pseudonymously (the "Declarations"). Under Local Rule 7.1, counsel for John Does met and conferred with Defendant President and Fellows of Harvard College ("Harvard" or "Defendant"), which does not consent to the Motion. For the foregoing reasons, the Declarations should remain under seal until further order of this Court.

John Doe #1 is a Jewish and Israeli student at Harvard, enrolled in his second year at Harvard Business School. John Doe #2 is a Jewish student at Harvard, enrolled in his second year at Harvard Law School. Both have experienced severe antisemitism in the form of harassment, doxxing, retaliation, and even physical

1

assault due to Harvard's deliberate indifference to the hostile educational environment on its campus, which is why they seek to join this lawsuit. These traumatic experiences are also why John Does seek to use pseudonyms in this proceeding. The Declarations that John Does now move to file under seal support their Motion to Proceed Pseudonymously, describing the harm John Does have already faced and expect to face in the future if their identities are made public.

"A party seeking to file a document under seal must demonstrate that 'good cause' exists to do so." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (quoting *Dunkin Donuts Franchised Rests., LLC v. Agawam Donuts, Inc.*, No. 07-11444-RWZ, 2008 U.S. Dist. LEXIS 10542, at *7 (D. Mass. Feb. 13, 2008)). While "[d]emonstrating 'good cause' entails making a particularized factual showing of the harm that would be sustained if the court did not allow the filing under seal," *Dunkin Donuts*, 2008 U.S. Dist. LEXIS 10542, at *7-8, "[w]hat constitutes 'good cause,' and therefore what concerns can justify a document being filed under seal, depends on the nature of the filing." *Bradford & Bigelow*, 109 F. Supp. 3d at 447. Accordingly, the burden of the party seeking to file a document under seal is proportional to how "important the document is to the core judicial function of determining the facts and law applicable to the case." *Id.*

Here, the Declarations that John Does seek to file under seal are not necessary to determine the facts and law underlying Plaintiffs' claims. They do not present factual allegations or legal arguments that are not otherwise in Plaintiffs' pleadings, and John Does' identities—which are the only details John Does seek to redact—are

already known by Harvard and the Court. *See Doe v. Butler Univ.*, 22-CV-01828, 2022 WL 18540513, at *3 (Nov. 18, 2022) (noting that a party's knowledge of an opposing party's identity is important for avoiding "difficulties in discovery" and advancing "claims that have legal merit"). The "presumption of public access" to the Declarations is therefore on the "lower end of the spectrum," *Bradford & Bigelow*, 109 F. Supp. 3d at 447, and John Does have a lower burden to overcome "the usual presumption and defeat access." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (internal quotation omitted).

John Does meet this burden because filing the Declarations in unredacted form "would render the Court incapable of granting the requested relief if the plaintiffs prevail" on their Motion to Proceed Pseudonymously. *Doe v. Prudential Ins. Co.*, 744 F. Supp. 40, 41 (D.R.I. 1990). Moreover, making John Does' identities public through the Declarations would lead to the same "discrimination, harassment, and retaliation" that Plaintiffs described in their previously-granted "Unopposed Motion For Leave to File Under Seal Unredacted Declaration of SAA Member #1," Dkt. No. 42, and that Plaintiffs now describe in their Motion to Proceed Pseudonymously. In fact, John Doe #2 is the same person as SAA Member #1.

Accordingly, the "competing interests" in play weigh in favor of redaction. *Kravetz*, 706 F.3d at 62. John Does have "an overriding interest based on findings that closure is essential to preserve higher values" (such as privacy and physical safety), *In re Providence J. Co.*, 293 F.3d 1, 11, 15 (1st Cir. 2002), and the sealing— which is limited to John Does' names—is "narrowly tailored to shield as little from

public view as possible." *Bradford & Bigelow*, 109 F. Supp. 3d at 449; *see also Prudential Ins. Co.*, 744 F. Supp. at 41 ("Requests to proceed under fictitious names have been granted where it is demonstrated that disclosure would result in harassment, the threat of physical harm, or other similar consequences."). Perhaps most importantly, filing unredacted Declarations on the public docket would undermine the relief Plaintiffs request in their Motion to Proceed Pseudonymously before the Court can consider the motion's merits. *See generally Doe v. MIT*, 46 F.4th 61, 77 (1st Cir. 2022) (indicating parties seeking to proceed under pseudonyms should file their identities under seal such that the court can perform a recusal check).

Accordingly, this Court should grant this motion for leave and allow Plaintiffs to file under seal unredacted versions of John Does' Declarations in support of Plaintiffs' Motion to Proceed Pseudonymously, with the redacted versions available on the public record.

Dated: March 21, 2025

Respectfully submitted,

*/s/ Jason Torchinsky*

Jason B. Torchinsky
John J. Cycon
HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK, PLLC
2300 N Street NW
Suite 643
Washington, DC 20037
(202) 737-8808
jtorchinsky@holtzmanvogel.com
jcycon@holtzmanvogel.com

Mark I. Pinkert
HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK, PLLC
119 S. Monroe Street
Suite 500
Tallahassee, FL 32301
mpinkert@holtzmanvogel.com

Jonathan Lienhard
HOLTZMAN VOGEL BARAN TORCHINSKY
& JOSEFIAK, PLLC
15405 John Marshall Hwy
Haymarket, VA 20169
jlienhard@holtzmanvogel.com

*Counsel for Plaintiffs Alexander
Kestenbaum, John Doe #1, and John Doe #2*

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I hereby certify that I have conferred with Counsel for Defendant in a good faith attempt to resolve or narrow the issue. Defendant opposes the filing of this Motion.

/s/ Jason Torchinsky
Jason B. Torchinsky

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on March 21, 2025.

/s/ Jason Torchinsky
Jason B. Torchinsky