IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER KESTENBAUM<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Defendant. | Case No. 1:24-cv-10092-RGS<br><br>**DECLARATION OF<br>MARK I. PINKERT** |

**DECLARATION OF MARK I. PINKERT IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

I, Mark I. Pinkert, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at Holtzman Vogel Baran Torchinsky & Josefiak PLLC.

2. I am duly licensed to practice law in the State of Florida. I am admitted *pro hac vice* in this matter.

3. I am counsel of record for Plaintiffs Alexander Shabbos Kestenbaum, John Doe #1, and John Doe #2 in the above captioned matter.

4. I have personal knowledge of the facts set forth herein and, if called as a witness, could competently testify to them.

5. I submit this declaration in support of Plaintiff's Response in Opposition

to Defendant's Motion to Compel Production of Documents.

6. On February 12, 2025, counsel for Harvard emailed counsel for Plaintiffs, claiming that Mr. Kestenbaum missed the deadline for discovery objections. Attached hereto as **Exhibit A** is a true and correct copy of email communications between the Parties' counsel.

7. At no point before sending this email did counsel for Harvard represent that it believed the agreed-upon discovery stay had been lifted, nor that Harvard expected a 30-day response dating back to its December 27, 2024 requests for production.

8. Additionally, at no point did Harvard amend or re-serve its December 27, 2024 requests to remove requests for documents solely in the possession and control of Mr. Kestenbaum's original co-plaintiff, Students Against Antisemitism ("SAA"). Attached hereto as **Exhibit B** is a true and correct copy of Harvard's December 27, 2024 requests for production.

9. On February 18, 2025, counsel for Harvard emailed counsel for Plaintiffs that Harvard's "Office of General Counsel and Harvard's outside counsel will be accessing" Mr. Kestenbaum's emails on February 21, 2025. Attached hereto as **Exhibit C** is a true and correct copy of email communications between the Parties' counsel.

10. On February 28, 2025, counsel for Harvard emailed counsel for Plaintiffs that Harvard's "Office of General Counsel and Harvard's outside counsel will be accessing" email accounts associated with John Doe #1 and John Doe #2.

Attached hereto as **Exhibit D** is a true and correct copy of email communications between the Parties' counsel.

11.     Harvard's email indicated that the collection of John Does' emails would take place on March 5, 2025. *See* **Ex. D.**

12.     On March 3, 2025, I sent an email to counsel for Harvard that sought answers to four questions before Harvard's collection was set to begin. The questions related to (i) Harvard's email collection policy, (ii) the need for collecting John Does' emails while Harvard maintains its opposition to John Does joining the suit, (iii) "whether school-level deans or dean designees authorized the[] document pulls," and (iv) "whether school administrators or officials will have access to these emails, or if they will be kept highly confidential for attorneys' eyes only." *Id.*

13.     On March 4, 2025, I sent another email to counsel for Harvard asking additional questions related to what guardrails, if any, Harvard has in place to ensure it is only extracting documents that are relevant to the litigation. I asked Harvard to provide answers to these questions before extracting John Does' emails. *See id.*

14.     On March 5, 2025, counsel for Harvard responded but did not answer questions about the specific guardrails, if any, it would implement to ensure that Harvard was collecting emails only relevant to the lawsuit. *Id.*

15.     On March 7, 2025, I sent another email to counsel for Harvard to again request "details about how you are 'identifying materials relevant to [our] clients' potential claims and Harvard's potential defenses,' and how 'the collection and review are being conducted in accordance with that purpose.'" Specifically, I asked Harvard

to disclose "whether and what search terms, domains, and timeframes you are going to use to filter the collection to ensure that irrelevant personal or academic communications are not swept up," as well as "who will have access to these documents and who will be responsible for reviewing them." Attached hereto as **Exhibit E** is a true and correct copy of email communications between the Parties' counsel.

16. On March 12, 2025, counsel for Harvard responded but again did not answer my questions. *See* **Ex. E.**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 27th day of March 2025 under the pains and penalties of perjury.

*/s/ Mark I. Pinkert*
Mark I. Pinkert
