**EXHIBIT E**

| | |
|---|---|
| **From:** | Ellsworth, Felicia H |
| **To:** | Mark Pinkert; Mark Kirsch |
| **Cc:** | Dario, Will C.; zfardon@kslaw.com; Gina Merrill; Jason Torchinsky |
| **Subject:** | RE: Update? |
| **Date:** | Wednesday, March 12, 2025 8:09:36 AM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | 2025.03.10 - WH DRAFT Kestenbaum Protective Order.pdf |
| | Kestenbaum Protective Order - Redline between HV 3-7 and WH 3-10.pdf |

Mark,

Thank you for your response on the protective order. Attached please find a redline reflecting our limited additional revisions, as well as a clean version. If this is acceptable to you, we can get it filed with the court.

In response to your question, the materials collected from your clients' email accounts will be reviewed by Harvard's outside counsel in order to identify materials that are relevant to the potential claims and defenses at issue in the litigation that you have indicated your clients intend to bring. As previously indicated, we will take steps to isolate and exclude communications with the counsel you have identified from our review.

Thanks,
Felicia


**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (o)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Mark Pinkert <mpinkert@HoltzmanVogel.com>
**Sent:** Friday, March 7, 2025 5:56 PM
**To:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Mark Kirsch <MKirsch@KSLAW.com>
**Cc:** Dario, Will C. <Will.Dario@wilmerhale.com>; zfardon@kslaw.com; Gina Merrill <GMerrill@KSLAW.com>; Jason Torchinsky <jtorchinsky@HoltzmanVogel.com>
**Subject:** RE: Update?

**EXTERNAL SENDER**

Felicia,

Thank you for your response. It is noted, and we will move forward with our opposed motions.

I've also attached are our proposed edits to the protective order.

Finally, I appreciate the information regarding Harvard's email collection, but we'd like details about how you are "identifying materials relevant to [our] clients' potential claims and Harvard's potential defenses," and how "the collection and review are being conducted in accordance with that purpose." Specifically, we would like to know whether and what search terms, domains, and timeframes you are going to use to filter the collection to ensure that irrelevant personal or academic communications are not swept up. We'd also like to know who will have access to these documents and who will be responsible for reviewing them.

Thanks,

Mark

**Mark Pinkert**
Partner
**Holtzman Vogel**

M 203.415.6665
O 850.270.5938

**holtzmanvogel.com**

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Friday, March 7, 2025 12:45 PM
**To:** Mark Pinkert <mpinkert@HoltzmanVogel.com>; Mark Kirsch <MKirsch@KSLAW.com>
**Cc:** Dario, Will C. <Will.Dario@wilmerhale.com>; zfardon@kslaw.com; Gina Merrill <GMerrill@KSLAW.com>; Jason Torchinsky <jtorchinsky@HoltzmanVogel.com>
**Subject:** RE: Update?

Mark,

Thank you for your email.  This is to confirm that Harvard maintains its opposition to your requests.  Any motions that you file concerning these topics should indicate our intent to file an

opposition.

Regarding amendment, your clients' choice to allow associations to litigate on their behalf was their own (aided by counsel) and does not excuse their failure to comply with the Court's scheduling order.  Further, there would be no efficiencies gained from the untimely amendment of the Complaint.  Fact discovery in Mr. Kestenbaum's case has been underway since at least December and each of Mr. Kestenbaum, ███████████████ attend (or attended) different schools at Harvard, have been at Harvard during different time periods, and would each have unique allegations underlying their individual claims.

As to discovery, the informal stay during settlement discussions was not indefinite and was explicitly agreed to for the purpose and duration of the parties' negotiation of a settlement agreement.  That informal stay thus terminated as soon as Mr. Kestenbaum declined to participate in those negotiations and publicly expressed his intent to proceed with the litigation.  Harvard served its RFPs on December 27 and responses were due six weeks ago, on January 27.  Additionally, there is no basis on which it is appropriate, efficient, or reasonable to reset discovery.  Any "large gulf" between the parties' discovery positions should have been resolved through the service of responses and objections—a requirement of the federal rules with which Harvard has complied—and in accordance with the Court's rules and deadlines.  Mr. Kestenbaum's failure to engage in discovery does not entitle him to more time.  In light of Mr. Kestenbaum's waiver, please let us know when we can expect Mr. Kestenbaum's documents to be produced.  As I noted in my email on Wednesday, we are also still waiting for a response to our proposed protective order, so please let us know if you have any edits or questions on the PO as soon as possible.

Finally, we remain unaware of any basis that would allow ███████████████ to proceed anonymously.  The Court's order on ██████████ declaration focused wholly on the fact that, at that time and by choice, ████████ was a "non-party." Dkt. 46.  For the avoidance of doubt, we do not accept as fact the allegations you make in support of anonymity in your email, but regardless, they do not establish a basis for your clients to proceed anonymously while seeking to join this litigation as parties.

Thanks,
Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (o)

+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

---

**From:** Mark Pinkert <mpinkert@HoltzmanVogel.com>
**Sent:** Thursday, March 6, 2025 8:07 AM
**To:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Mark Kirsch <MKirsch@KSLAW.com>
**Cc:** Dario, Will C. <Will.Dario@wilmerhale.com>; zfardon@kslaw.com; Gina Merrill <GMerrill@KSLAW.com>; Jason Torchinsky <jtorchinsky@HoltzmanVogel.com>
**Subject:** RE: Update?

**EXTERNAL SENDER**

Felicia,

Thanks for your response. We respectfully disagree with your positions.

First, the plaintiffs have good cause for missing the amended pleading deadline. They were members of two associational plaintiffs, which ultimately settled on terms that they did not think were fair or reasonable. However, because the settlements were negotiated and executed after December 6, there was no way for the students to know, before December 6, whether there would be settlement, what the terms would be, and, therefore, whether they would need to join an amended complaint.

Even so, as a practical matter, an amended complaint is the most efficient way forward for the parties and the court. The association settlements do not preclude ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ from filing their own complaints, which they would intend to do if not permitted to join this one. Contrary to your email, because all three plaintiffs were subject to the same hostile environment, policies, and responses to antisemitism at Harvard, there is substantial overlap in their cases and discovery. Accordingly, even if not allowed to file together jointly, there would still be a strong basis to consolidate the separate cases. Harvard already took this position in its own motion to consolidate the Brandeis Center and SAA complaints, which the Court granted. *See* D.E. 68 ("The *Kestenbaum* and *Brandeis Center* actions should be consolidated because they assert similar claims based on many of the same factual allegations against the same defendant."). On the other hand, if ▮▮▮▮▮▮▮▮▮▮▮▮▮ were required to file separate lawsuits, the court would have to manage two parallel tracks of cases, and Harvard would be subject to twice the discovery, depositions, interrogatories, etc., all on the same subject matter—i.e., the hostile environment and Harvard's deliberate

indifference. We see that as an unlikely and inefficient outcome.

In short, filing one amended complaint avoids all this hassle, avoids motion practice for the parties and the court, and it allows the parties to move forward on a single track—as is the likely result anyway, even if through consolidation.

As for discovery in the operative case, we think that a pause and reset is the most efficient and fair path forward. While you say that the informal stay pending settlement discussions was terminated "in December at the latest," when Mr. Kestenbaum declined to settle, your indefinite and unilateral termination of this stay was never communicated to us or to Mr. Kestenbaum's former counsel, and so, for that reason and others, we believe there is good cause to extend the deadlines. Further, in the event of a joint complaint or consolidation, the discovery would likely be extended beyond May, on a normal litigation track, out of fairness and due process for the later-filing plaintiffs. While previous counsel may have communicated that Mr. Kestenbaum was not withdrawing his discovery requests, that does not say anything about the deadlines or the informal stay in place at the time.

Putting all that aside, resetting is the still most efficient way forward. There is already a large gulf between the parties on the initial discovery requests served by previous counsel. Harvard has refused to even search and produce any documents on several of the requests. Rather than try to negotiate these requests from miles apart, we are willing to start over and serve much more targeted discovery requests, and negotiate the total number of requests on behalf of all three plaintiffs. Moreover, after delays for settlement and an agreed stay, Harvard made its first document production on March 5, 2025, less than three months before the current close of discovery on May 23, 2025. Accordingly, there is good cause to extend the operative scheduling order—putting aside the likely consolidation or joinder of ███████████ ███████, and a subsequent amended schedule for the consolidated cases.

In short, our goal is to work with you to make this as efficient, fair, and collaborative as possible, and all proceeding on one track, rather than uncoordinated and repetitive, along two separate tracks, with twice the discovery and costs for Harvard.

Finally, while Harvard says that is aware of no basis that would allow ███████████ ███ to proceed anonymously, it assented to the sealing of ██████████ declaration based on fears and threats of retaliation. *See* D.E. 42. The Court granted that motion. Things have not changed for ████████████████. Things have only gotten worse. Both have been harassed and retaliated against on campus. ████████ was physically assaulted, and his assaulters are still on campus and do not appear to have faced any discipline. Several Harvard professors wrote an op-ed calling for ████████ to be disciplined, not his assaulters, and there is reason to fear retaliation or harassment from them as well. Students have also protested outside of the HLS Dean's office to call for the expulsion for ██████████, based on false accusations that he "doxxed" students. We are of course happy to provide you with more information in support of our request for anonymity, but we believe the relevant facts are already known to Harvard, including from both complaints and the previous assented motion

to seal.

Please let us know if you are still not willing to consent to our requests. If not, we will indicate your non-consent and intent to oppose our motions, per your email below.

Many thanks,

**Mark Pinkert**
Partner
**Holtzman Vogel**

M 203.415.6665
O 850.270.5938

holtzmanvogel.com

---

**From:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Sent:** Monday, February 24, 2025 2:12 PM
**To:** Mark Pinkert <mpinkert@HoltzmanVogel.com>; Mark Kirsch <MKirsch@KSLAW.com>
**Cc:** Dario, Will C. <Will.Dario@wilmerhale.com>; zfardon@kslaw.com; Gina Merrill <GMerrill@KSLAW.com>; Jason Torchinsky <jtorchinsky@HoltzmanVogel.com>
**Subject:** RE: Update?

Mark,

Thanks for letting us know.

Harvard is opposed to any further amendment of the complaint, including adding [redacted] as plaintiffs. We are well past the deadline set by Judge Stearns to amend the pleadings and/or join additional parties. Dkt. 101. Plaintiffs cannot show good cause to modify this schedule, as required by Rule 16(b)(4). The operative complaint in this matter has already been amended twice, see Dkt Nos. 1 (Complaint), 32 (First Amended Complaint), 63 (Second Amended Complaint), which resulted in multiple rounds of briefing on Harvard's motion to dismiss. [redacted] claims will turn on discrete, individualized facts regarding their own experiences at Harvard which have little, if any, overlap with those of Mr. Kestenbaum (who graduated in May 2024). And fact discovery in this case is underway and set to conclude on May 23, 2025. Any amendment at this point would be highly prejudicial and unduly delay adjudication of this matter. If you submit a motion for leave to file a new amended complaint, the accompanying certification required by Local Rule 7.1(a)(2) should indicate that Harvard opposes the motion and intends to file an opposition.

Given that Harvard opposes [redacted] belated request to join the case, we believe any motion for leave to proceed anonymously is premature. Further, we are aware of no basis that would allow [redacted] to proceed anonymously and reserve all rights regarding such a motion. If you submit a motion for leave to proceed

anonymously, the accompanying certification required by Local Rule 7.1(a)(2) should indicate that Harvard opposes the motion and intends to file an opposition.

Finally, as previously communicated, Harvard does not agree to pause discovery while Plaintiff seeks leave to amend and will oppose any motion made to the Court regarding such a pause. As we explained when we spoke on February 18, any agreement to stay Mr. Kestenbaum's discovery obligations pending settlement discussions terminated in December at the latest, when he declined to settle, and publicly announced he was replacing his counsel and intended to litigate. Further, document requests and responses to Mr. Kestenbaum's discovery requests were served by Harvard on December 27, 2024 (along with document requests served by then-Plaintiffs Brandeis Center and JAFE).  In fact on December 4, counsel for Plaintiffs took the position that Mr. Kestenbaum's then counsel "will not be withdrawing" the discovery previously served.  Harvard reiterates its position that—because Mr. Kestenbaum entirely ignored the January 27, 2025, deadline to serve his Responses & Objections to Harvard's December 27, 2024, document requests—Mr. Kestenbaum has waived any objections to those requests.  We look forward to receiving your response to the proposed protective order and your production of documents responsive to Harvard's requests.

Thanks,
Felicia

**Felicia H. Ellsworth | WilmerHale**
she/her/hers
60 State Street
Boston, MA 02109 USA
+1 617 526 6687 (o)
+1 617 501 5676 (c)
felicia.ellsworth@wilmerhale.com

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Mark Pinkert <mpinkert@HoltzmanVogel.com>
**Sent:** Monday, February 24, 2025 10:04 AM
**To:** Mark Kirsch <MKirsch@KSLAW.com>
**Cc:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Subject:** RE: Update?

**EXTERNAL SENDER**

Hi Mark, Felicia,

Thanks for following up. ███████████████████████████████████
███████████████████████████████████
███████████████████████████████████
███████████

We will try to get you more definitive demands soon, but in the meantime, we plan to move forward with the amended complaint. Let us know if you've heard back from your client regarding consent to file the amended complaint and to proceed anonymously.

Thanks,
Mark

**Mark Pinkert**
Partner • Tallahassee, FL

M 203.415.6665
O 850.270.5938
Bio • LinkedIn



DC • VA • FL • AZ • NY
holtzmanvogel.com

PRIVILEGED AND CONFIDENTIAL
This communication and any accompanying documents are confidential and privileged. They are intended for the sole use of the addressee. If you receive this transmission in error, you are advised that any disclosure, copying, distribution, or the taking of any action in reliance upon this communication is strictly prohibited. Moreover, any such disclosure shall not compromise or waive the attorney-client, accountant-client, or other privileges as to this communication or otherwise. If you have received this communication in error, please contact me at the above email address. Thank you.

DISCLAIMER
Any accounting, business or tax advice contained in this communication, including attachments and enclosures, is not intended as a thorough, in-depth analysis of specific issues, nor a substitute for a formal opinion, nor is it sufficient to avoid tax-related penalties. If desired, Holtzman Vogel Baran Torchinsky & Josefiak PLLC would be pleased to perform the requisite research and provide you with a detailed written analysis. Such an engagement may be the subject of a separate engagement letter that would define the scope and limits of the desired consultation services.

**From:** Mark Kirsch <MKirsch@KSLAW.com>
**Sent:** Monday, February 24, 2025 9:30 AM
**To:** Mark Pinkert <mpinkert@holtzmanvogel.com>
**Cc:** Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>
**Subject:** Update?

Mark - Do you have an update about whether ███████████████████████ have an interest in engaging in settlement discussions?  We're available for a call today if that would be helpful.

Thanks.

Mark

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged, or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy, or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message or attachments and we ask that you please comply with any additional instructions from the sender regarding deletion of messages or attachments sent in error. Click here to view our Privacy Notice.