# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER KESTENBAUM and STUDENTS AGAINST ANTISEMITISM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Defendant. | Case No. 1:24-cv-10092-RGS <br><br> **DECLARATION OF <br> JASON B. TORCHINSKY** |

**CORRECTED[1] DECLARATION OF JASON B. TORCHINSKY IN SUPPORT OF PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO FILE HIS THIRD AMENDED COMPLAINT**

I, Jason B. Torchinsky, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney at Holtzman Vogel Baran Torchinsky & Josefiak PLLC.

2. I am an attorney duly licensed to practice law in the State of Virginia and Washington, D.C. I am admitted *pro hac vice* in this matter.

3. I am counsel of record for Plaintiffs Alexander Shabbos Kestenbaum, John Doe #1, and John Doe #2 in the above captioned matter.

4. I have personal knowledge of the facts set forth herein and, if called as

---

[1] Correct to fix a scrivener's error. In paragraph 25, the initial declaration incorrectly noted an email was sent on February 18 when it was sent on February 24, 2025.

a witness, could competently testify to them.

5. I submit this declaration in support of Plaintiffs' Opposed Motion for Leave to File Their Third Amended Complaint.

6. On August 6, 2024, the Court issued an order granting in part and denying in part Harvard's Motion to Dismiss and denying Harvard's Motion to Strike. Dkt. 93. As a result, the Plaintiffs' Title VI and contract claims were allowed to proceed. *Id.*

7. On October 2, 2024, the Plaintiffs in *Kestenbaum v. President and Fellows of Harvard College*, No. 1:24-cv-10092- RGS, served their first set of Requests for Document Production on Defendant Harvard.

8. On November 5, 2024, the Court granted Harvard's Amended Motion for Consolidation, which allowed for the consolidation of discovery with *Brandeis Center*, No. 1:24-cv-11354-RGS. Dkt. 100.

9. The next day, the Court issued a scheduling order with joint discovery deadlines. Dkt. 101. The scheduling order established a December 6, 2024, deadline for amendments to the pleadings and/or joinder of additional parties. Initial discovery requests were to be served by December 27, 2024. *Id.*

10. Attached hereto as **Exhibit A** is a true and correct copy of email communications between the parties' counsel.

11. Following the consolidation of discovery, Harvard conveyed to opposing counsel their understanding "that the written discovery previously served by the *Kestenbaum* plaintiffs [on October 2, 2024] will be replaced by forthcoming combined

discovery requests on behalf of all plaintiffs." **Ex. A**.

12.  While the discovery discussions were advancing, the parties were also discussing settlement. During this time, the parties orally agreed to an informal stay of discovery deadlines and, since then, have never jointly agreed to lift that stay.

13.  On December 6, 2024, I, along with co-counsel Douglas S. Brooks, filed notices of appearance on behalf of Mr. Kestenbaum. Dkt. 102-03.

14.  On December 11, 2024, counsel for Plaintiffs in both actions agreed with Harvard that Plaintiffs would serve joint discovery requests—except the Plaintiffs in *Kestenbaum* would not withdraw their October 2, 2024 document requests. *See* **Ex. A**. Harvard and the Plaintiffs also agreed to negotiate deadlines for interrogatory requests and request for admissions. *Id.*

15.  On December 27, 2024, Harvard served its responses and objections to the *Kestenbaum* Plaintiffs' October 2, 2024 Requests for Production.

16.  That same day, Harvard also served its first Request for Production on all *Kestenbaum* Plaintiffs.

17.  The parties continued settlement discussions into December 2024 and January 2025.

18.  On January 20, 2025, Harvard, the Brandeis Center, SAA, and JAFE reached a settlement agreement. They then filed a joint Motion to Dismiss with Prejudice on January 21, 2025. Dkt. 104. The lawsuit was then dismissed. Dkt. 105.

19.  Plaintiffs Kestenbaum and John Does #1 and #2 did not reach a settlement with Harvard at that time. They continued to engage in settlement

discussions with Harvard.

20. Mr. Kestenbaum engaged in settlement discussions with Harvard until mid-January 2025. The last call regarding the settlement between counsel for Mr. Kestenbaum and Harvard was on January 15, 2025.

21. John Does #1 and #2 engaged in settlement discussions with Harvard into March 2025.

22. When the settlement discussions reached an impasse, John Doe #1 and #2 informed Harvard of their intentions to file an amended complaint.

23. On February 14, 2025, counsel for the parties had a meet and confer, and the Plaintiffs conveyed their plans to file an amended complaint without any new claims and with the addition of John Does #1 and #2 as plaintiffs. On the call, the Plaintiffs also raised their request to reset discovery deadlines and amend the scheduling order.

24. Attached hereto as **Exhibit B** is a true and correct copy of email communications between the parties' counsel.

25. On February 24, 2025, Harvard unilaterally and retroactively took the position that "any agreement to stay Mr. Kestenbaum's discovery obligations pending settlement discussions terminated in December at the latest, when he declined to settle, and publicly announced he was replacing his counsel and intended to litigate," **Ex. B**, even though counsel for Mr. Kestenbaum and Harvard had further settlement discussions in mid-January 2025.

26. Again, on February 24, 2025, the Plaintiffs restated their plans to file

an amended complaint via email. *See* **Ex. B**.

27. Later that day, Harvard informed the Plaintiffs that it planned to oppose the amended complaint and additions of John Does #1 and #2 as plaintiffs. *See Id.*

28. On March 5, 2025, Harvard transmitted its first document production. The production included ten total documents, all of which appear to be publicly available Harvard policies.

29. Between February 24 and March 7, 2025, the parties continued to communicate their positions on the amended complaint, while also entertaining settlement discussions.

30. On March 6, 2025, the parties again discussed via call a possible settlement, the amended complaint, and other topics. This discussion made clear that settlement reached a dead end.

31. Shortly after settlement discussions reached a standstill, Plaintiffs prepared and filed their amended complaint.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Signed this 20th day of March 2025 under the pains and penalties of perjury.

*/s/ Jason Torchinsky*
Jason B. Torchinsky