IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER KESTENBAUM,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE,<br>　　　　　　　　　Defendant. | Case No. 1:24-cv-10092-RGS<br><br>Leave to file granted on March 28, 2025 |

**REPLY MEMORANDUM IN SUPPORT OF**
**<u>DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS</u>**

At issue here is the unremarkable proposition that a litigant must comply with his discovery obligations with minimal judicial supervision. Mr. Kestenbaum has ignored this duty. He missed his deadline to respond or object to Harvard's requests for production of documents. When Harvard pointed this out, Mr. Kestenbaum did not request an extension, produce documents, serve belated responses and objections, or move this Court to reset his lapsed deadline. Instead, as the discovery period continued to wane, he waited five more weeks, during which he was apparently trying to avoid being the sole remaining plaintiff in this narrow suit where retrospective compensatory damages are the only available relief. Only then did Mr. Kestenbaum ask this Court to reset the clock, protesting that he cannot possibly litigate, in the remaining discovery period, the case he has failed to litigate for the past fifteen months.

This Court should not indulge Mr. Kestenbaum's excuses for neglecting his discovery obligations. The informal discovery pause ended when Mr. Kestenbaum made clear that he was not interested in settlement. Even assuming that he still thought discovery was paused, he concedes he ceased discussing settlement with Harvard by January 15, 2025, and—at a minimum—knew for more than five weeks before Harvard moved to compel that no discovery pause was in place. He cannot justify his failure to respond to Harvard's requests—something he has refused to do *at all*, let alone in a timely fashion. This Court should also see through Mr. Kestenbaum's inaccurate criticisms of Harvard's litigation conduct, a false (and irrelevant) spin on Harvard's continual efforts to move this case forward while he drags his heels.

## ARGUMENT

### I. MR. KESTENBAUM WAIVED ANY OBJECTIONS BY REFUSING TO RESPOND TO HARVARD'S REQUESTS LONG AFTER THE INFORMAL DISCOVERY PAUSE EXPIRED

By Mr. Kestenbaum's own account, he refused to respond to Harvard's requests for production long after he had any reasonable basis for believing that discovery was paused for

1

settlement discussions. Dkt. 122 at 7. He does not dispute that, beginning in December, he severed ties with his prior counsel and publicly and repeatedly stated that he intended to continue litigating. Dkt. 114 at 7-8; *see also* Dkts. 102 & 103.[1] And he does not dispute that Harvard has engaged in discovery, serving both requests for production and responses and objections to Mr. Kestenbaum's requests on December 27, 2024. Dkt. 124 ¶¶ 15-16. Mr. Kestenbaum's self-serving suggestion that a discovery pause was in place is belied by the fact that Harvard served and responded to discovery requests (as did Plaintiffs in the then-consolidated *Brandeis Center* litigation, for whom Mr. Kestenbaum's replacement counsel also served as counsel); served amended responses and disclosures; and produced documents.

In any event, Mr. Kestenbaum cannot explain his ongoing refusal to engage in discovery. In his own retelling, any settlement discussions with Harvard ended, at the very latest, by January 15, 2025. Dkt. 122 at 4-5; Dkt. 124 ¶ 20. He does not explain why he believes a discovery pause prompted by settlement discussions persisted once those discussions ended. And Harvard unambiguously informed Mr. Kestenbaum on February 12, 2025, that he had "missed the Court's January 27, 2025 deadline to serve his Responses & Objections to Harvard's document demands" and consequently "waived any objections to those demands." Dkt. 123-1 at 2. In that same communication, Harvard continued to fulfill its own discovery obligations, serving amended Initial Disclosures and amended Responses and Objections "reflecting the

---

[1] *See* @ShabbosK, X (Dec. 12, 2024), https://x.com/ShabbosK/status/ 1867304428740682122 ("Let me address Harvard's lawyers directly: I'm not interested in settling with you idiots.").

narrower case that will be litigated." *Id.*[2] Yet Mr. Kestenbaum took no action until moving for leave to amend and modify the schedule more than a month later. *See* Dkt. 110.

Each of Mr. Kestenbaum's excuses for refusing to meet his discovery obligations fails.

*First*, the suggestion that the informal discovery pause could only be lifted by "mutual[] agree[ment]" is incorrect. Dkt. 122 at 7. Mr. Kestenbaum has no power to unilaterally pause discovery. And the rationale for any pause evaporated when he announced his intention to litigate and Harvard responded by taking action to preserve its rights, serving discovery requests and responses. Likewise, he had no authority to withhold production pending "ongoing scheduling discussions," Dkt. 122 at 7—that is, his attempts to further delay this case—given that Harvard repeatedly stated that it opposed further scheduling modifications and that Mr. Kestenbaum was in default of his discovery obligations, *see* Dkt. 123-5 at 3-4, 7-8.

*Second*, Mr. Kestenbaum's waiver is confirmed by the very cases he cites. *See* Dkt. 122 at 8. Both cases reaffirm that "a party's failure timely to object to discovery requests may be deemed a waiver of any objections to those requests." *Hamelin v. Kinder Morgan, Inc.*, 2022 WL 17752133, at *3 (D. Mass. Dec. 19, 2022); *Bonner v. Triple-S Mgmt. Corp.*, 68 F.4th 677, 684 (1st Cir. 2023) (same). In *Bonner*, the First Circuit held that a district court had discretion to find no waiver where the party in default "noticed its responses and objections within 10 days of the deadline to respond and [the movant] did not show prejudice from the delay." 68 F.4th at 684. And in *Hamelin*, the district court found no waiver where "the plaintiffs made efforts to respond to discovery and to cooperate in efforts to narrow and focus the parties' disputes," and

---

[2] Mr. Kestenbaum also complains that Harvard objected to some of his requests. Many of his requests ceased to be relevant when the case was narrowed. Indeed, Harvard has taken the same approach to its own requests. Dkt. 114 at 10 n.20. If Mr. Kestenbaum had sought to meet and confer regarding any specific requests, Harvard would have done so. He did not.

3

the movants had "not been significantly delayed in mounting their defense." 2022 WL 17752133, at *3. Unlike the defaulting parties in those cases, Mr. Kestenbaum missed his deadline by months rather than days and still has made no effort to cure his default. And unlike the movants in those cases, Harvard is prejudiced by this delay: discovery closes in less than two months, Dkt. 101, and Harvard has not received a single document from the plaintiff.

*Third*, Harvard's efforts to move discovery forward only underscore (rather than excuse) Mr. Kestenbaum's default. Harvard did not miss a deadline to respond to Mr. Kestenbaum's October 2, 2024, discovery requests—after they were served, the Court consolidated this case with the *Brandeis Center* case and entered a new scheduling order, Dkt. 101. Mr. Kestenbaum subsequently informed Harvard that he would not withdraw the October 2 requests. Dkt. 124 ¶ 14; Dkt. 112-1 at 3. When Mr. Kestenbaum announced his intent to litigate, Harvard then served its responses and objections to the October 2 requests, as well as its own requests for production, consistent with the Court's scheduling order. The cases Mr. Kestenbaum cites have nothing to do with discovery defaults. Dkt. 122 at 7-8. Nor do they suggest that equity requires this Court to reward Mr. Kestenbaum's blatant refusal to engage in discovery.

## II. HARVARD HAS TAKEN APPROPRIATE ACTION TO MOVE THIS LITIGATION FORWARD

Mr. Kestenbaum seeks to excuse his failure to engage in discovery by suggesting Harvard itself has not done enough. Not so. As the plaintiff, Mr. Kestenbaum bears the duty to prosecute his claims. While he tries to fault Harvard—the only party in this case that has produced documents—for not yet producing *enough*, his own papers demonstrate Mr. Kestenbaum's months-long refusal to negotiate an agreed protective order governing any documents produced. *See* Dkt. 123-1 (counsel for Harvard seeking comments on February 12, 2025, on "a proposed Protective Order which we circulated several months ago and to which we received no response"); Dkt. 123-5 at 7-8 (counsel for Harvard stating on February 24, 2025, "We look

4

forward to receiving your response to the proposed protective order"); Dkt. 123-4 at 2 (counsel for Harvard stating on March 5, 2025, "We provided a proposed protective order for this litigation more than 8 months ago, and again most recently on February 12, yet we have received no response from you on that proposal."); Dkt. 123-5 at 3-4 (counsel for Harvard noting on March 7, 2025, "we are also still waiting for a response to our proposed protective order").

Nor are Harvard's efforts to meet its own discovery obligations by collecting and reviewing the documents within its possession from Mr. Kestenbaum's Harvard email account inappropriate. Dkt. 122 at 3; *see also* Dkt. 110-1 ¶ 494. Harvard gave Mr. Kestenbaum advance warning of this collection, reminded him of the Harvard policy under which it was acting, and provided him the opportunity to identify potentially privileged emails so that Harvard could exclude them from its review, which it did. Dkt. 123-4 at 2-3, 6-7.

Finally, Mr. Kestenbaum's claim that the parties "had weeks of back-and-forth negotiations and discussions" over whether Harvard would agree to modify the discovery deadlines, Dkt. 122 at 10, is incorrect. The very correspondence Mr. Kestenbaum attaches to his opposition instead confirms the opposite—that Harvard communicated its position that Mr. Kestenbaum had waived his objections on February 12, and reaffirmed on February 18 that it would oppose any modification of the schedule. Dkt. 123-1; Dkt. 123-5 at 7-8. Mr. Kestenbaum did not move to modify the schedule until more than a month later. *See* Dkt. 110.

## CONCLUSION

The Court should compel Mr. Kestenbaum to produce documents responsive to Harvard's Requests for Production 2-3, 5-14, 16-19, and 21-32.

5

DATED:  April 1, 2025

Respectfully Submitted,

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

By its attorneys,

*/s/ Felicia H. Ellsworth*

| | |
|---|---|
| Mark A. Kirsch (*pro hac vice*) | Felicia H. Ellsworth, BBO #665232 |
| Gina Merrill (*pro hac vice*) | WILMER CUTLER PICKERING |
| KING & SPALDING LLP |    HALE AND DORR LLP |
| 1185 Avenue of the Americas | 60 State Street |
| 34th Floor | Boston, MA 02109 |
| New York, NY 10036 | Tel: (617) 526-6000 |
| Tel: (212) 790-5329 | Fax: (617) 526-5000 |
| Fax: (212) 556-2222 | felicia.ellsworth@wilmerhale.com |
| mkirsch@kslaw.com | |
| gmerrill@kslaw.com | Seth P. Waxman (*pro hac vice*) |
| | Bruce M. Berman (*pro hac vice*) |
| Zachary Fardon (*pro hac vice*) | Jeremy W. Brinster (*pro hac vice*) |
| KING & SPALDING LLP | WILMER CUTLER PICKERING |
| 110 N. Wacker Drive |    HALE AND DORR LLP |
| Suite 3800 | 2100 Pennsylvania Avenue NW |
| Chicago, IL 60606 | Washington, DC 20037 |
| zfardon@kslaw.com | Tel:  (202) 663-6000 |
| Tel: (312) 764-6960 | Fax: (202) 663-6363 |
| Fax: (312) 995-6330 | seth.waxman@wilmerhale.com |
| | bruce.berman@wilmerhale.com |
| | jeremy.brinster@wilmerhale.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2025, I caused this document to be filed through the CM/ECF system, where it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Felicia H. Ellsworth*
Felicia H. Ellsworth